**Gregory CARRAWAY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–87–00784–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 31, 1988.

William T. Cornelius, Houston, for appellant.

John B. Holmes, Jr., Roe Morris, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

This appeal is from an order entered in a habeas corpus proceeding where the trial court refused to order appellant released on his own recognizance. We affirm.

Appellant stands charged with the offenses of murder and aggravated robbery in cause numbers 476,313 and 484,547 respectively. Bond on the murder charge was set at $7,500 but was subsequently reduced to $2,000 on appellant's motion. Appellant was later indicted on the aggravated robbery charge, and bond was set at $20,000. Appellant filed a writ of habeas corpus contending that in accordance with Tex.Crim.Proc.Code Ann. art. 17.151 (Vernon Supp.1988) he was entitled to be released on his own personal recognizance.

Article 17.151 of the Code of Criminal Procedure provides that in a felony case if the accused has been in custody for ninety days and the state is not ready for trial, he "must be released either on personal bond or by reducing the amount of bail required."

While the evidence shows that appellant had been in custody in excess of ninety days, the evidence does not show that he is unable to make bond. The burden of proof is on the petitioner to show that bail is excessive. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex.Crim.App.1977). While the court of criminal appeals ordered a petitioner in somewhat similar circumstances released on personal bond under the provisions of Article 17.151, the record there showed that the petitioner was penniless and was therefore unable to make the reduced bond. *See Ex parte Kernahan*, 657 S.W.2d 433 (Tex.Crim.App.1983). Such is not the case before us.

While a court does not usually address the constitutionality of a statute unless it is necessary to a decision in the case, we note in passing that the constitutionality of Article 17.151 is seriously called into question by *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987), where the court of criminal appeals declared the Texas Speedy Trial Act unconstitutional. Both the Speedy Trial Act and Article 17.151 were parts of S.B.1043, which became law by virtue of Act of June 16, 1977, ch. 787, §§ 1, 2, 1977 Tex.Gen.Laws 1970. While it seems apparent Article 17.151 would fail constitutional muster for the same reason as did the Speedy Trial Act, if it did not do so, then it is further pointed out that S.B. 1043 did not contain a severability clause saving those provisions not affected by *Meshell*.

The order denying habeas corpus relief is affirmed.