Joaquin BALLEZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–93–00032–CR.

Court of Appeals of Texas, Texarkana.

June 29, 1993.

Jack L. Wolfe, Dorina Ramos, McAllen, for appellant.

Leon Pesek, Jr., Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Joaquin Balleza appeals from the trial court's order setting bail pursuant to Tex. Code Crim.Proc.Ann. art. 17.151 (Vernon Supp.1993). We find the amount of bail not excessive and affirm the trial court's order.

Balleza was arrested on January 28, 1993, and charged with aggravated possession of cocaine. Balleza was operating an automobile that belonged to a passenger in the car. A consent search by police revealed thirty-eight kilograms (approximately eighty pounds) of cocaine hidden in the door panels and under the hood.

Balleza was not indicted until May 13, 1993, more than ninety days after his arrest. That being true, Tex.Code Crim.Proc. Ann. art. 17.151 requires that he be released either on personal bond or by reducing the amount of bail required.[1]

Balleza's bail was initially set at $5,000,-000.00. After hearing, the trial court reduced it to $500,000.00 and later reduced it again to $250,000.00.

█ At the hearing on Balleza's motion for release, Balleza's counsel informed the court that Balleza had $5,000.00 cash and could make a surety bond for $50,000.00, but no more. He also informed the court that Balleza lived near the Mexican border and attended college at Pan American Uni-

versity while working at a funeral home, but no evidence was adduced concerning Balleza's ability to make bond or the availability of help from family or associates.

The requirement of Article 17.151 that the detainee be released by reducing bail has been construed to mean that bail must be reduced to an amount the detainee can afford to pay. *Kernahan v. State*, 657 S.W.2d 433 (Tex.Crim.App.1983).

█ The detainee has the burden of proof to show that the bail is excessive. *Ex parte Vasquez*, 558 S.W.2d 477 (Tex. Crim.App.1977); *Ex parte August*, 552 S.W.2d 169 (Tex.Crim.App.1977); *Ex parte Clark*, 537 S.W.2d 40 (Tex.Crim.App.1976).

█ The nature of the offense, the punishment provided for the offense, and the circumstances of the detainee are all relevant considerations in setting the amount of bail. Tex.Code Crim.Proc.Ann. art. 17.15 (Vernon Supp.1993); *Ex parte Vasquez, supra*.

In this case, Balleza is charged with possessing a very large amount of cocaine. Punishment for the offense is ten to ninety-nine years' imprisonment and a fine of up to $100,000.00. Balleza did not produce any evidence that he could not make the reduced bail as set by the trial court. In these circumstances, he has failed to show that the bail is excessive.

The judgment of the trial court is affirmed.

---

1. Tex.Code Crim.Proc.Ann. art. 17.151 (Vernon Supp.1993) provides:

   Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reduc-ing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

   (1) 90 days from the commencement of his detention if he is accused of a felony; ....