**Ex Parte Wilbert Junior WATSON.**

**No. 06–96–00121–CR.**

Court of Appeals of Texas,
Texarkana.

Feb. 7, 1997.

Barney Sawyer, Paris, for appellant.

Kerye Ashmore, Lamar County Attorneys Office, Paris, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Wilbert Watson appeals from denial of relief (reduction in pretrial bail) requested in an application for writ of habeas corpus on a charge of capital murder in cause number 15,519 HC–1 in the court below. Watson is awaiting trial on this and one other charge of capital murder ($350,000 bail in each case), four charges of aggravated kidnaping ($100,000 bail in each case), two charges of aggravated robbery ($100,000 bail in each case), two charges of unlawful possession of a firearm by a felon ($50,000 bail in each case), six charges of attempted murder ($150,000 bail in one case; $100,000 bail in each of the remaining five cases), two charges of possession of a controlled substance with intent to deliver ($50,000 bail in one case; $150,000 bail in the other case), and one charge of possession of a controlled substance ($10,000 bail). Watson indicates in his brief that the aggregate amount of bail for these nineteen charges amounts to $2,250,000, but he has not provided a breakdown of that figure into individual case amounts. The combined bail figures, according to the State, total $2,260,-000. Watson contends that the aggregate amount of bail for the nineteen cases is excessive, oppressive, and lacks an evidentiary foundation.

Because the primary purpose of "bail," as defined in TEX.CODE CRIM. PROC. ANN. art. 17.01 (Vernon 1977), is to provide security given by the accused that he will appear and answer before the proper court the accusation brought against him, we address each of the individual cases in separate opinions. The amount of bail must be high enough to give reasonable assurance that the accused will appear as required, but the amount should not be oppressively high. *Ex parte McDonald,* 852 S.W.2d 730, 732 (Tex. App.—San Antonio 1993, no pet.). TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp. 1997) provides in relevant part that the amount of bail to be required by the court or judge in any case should be governed by the following rules:

(1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

(2) The power to require bail is not to be so used as to make it an instrument of oppression.

(3) The nature of the offense and the circumstances under which it was committed are to be considered.

(4) The ability to make bail is to be regarded, and proof may be taken upon this point.

(5) The future safety of a victim of the alleged offense and the community shall be considered.

In addition to the considerations set forth in Article 17.15, other factors may be considered by the trial court in setting bail: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record, if any; (5) the accused's conformity with the conditions of any previous bond; (6) the existence of outstanding bonds, if any; and (7) the alleged aggravated circumstances involved in the offense. *Smith v. State,* 829 S.W.2d 885, 887

(Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

■ In seeking to reduce the amount of bail ordered by the trial court, Watson has the burden to show that the amount is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App. [Panel Op.] 1981); *Balleza v. State*, 858 S.W.2d 545 (Tex.App.—Texarkana 1993, no pet.); *Ex parte McDonald*, 852 S.W.2d at 733. At the hearing below, Watson's counsel informed the court that Watson might be able to meet a $1,000 bail in each of the charges against him for capital murder, attempted murder, and felon in possession of a firearm. He contended that a personal recognizance bond should be set for each of the remaining charges. Watson argues that the aggregate amount of the bonds from all nineteen cases is excessive because he lacks the resources to post a bond for the bail as currently set due to the fact that he is indigent and cannot afford to pay the fifteen percent premium charged by bondsmen in Lamar County.

■ Each case must be evaluated upon its unique facts. *Ex parte McDonald*, 852 S.W.2d at 735 fn. 4. In the proverbial sense that each tub must stand upon its own bottom, each bond in a case is to assure that the defendant appear for trial for the accusations pending in that case. We find nothing in the law, nor has anything been cited to us, that would suggest a two-for-one bargain or, in this case, a nineteen-for-one bargain, permitting all cases to be combined for one total amount to determine its appropriateness. To some extent, the number of cases pending against a defendant may make it less likely that he will appear to defend against all the cases. There are a number of Texas cases that suggest that the existence of other bonds may be taken into consideration when setting bond. *See Ex parte Ramirez*, 156 Tex.Crim. 280, 241 S.W.2d 157 (1951); *Nguyen v. State*, 881 S.W.2d 141, 143 (Tex.App.—Houston [1st Dist.] 1994, no pet.).

■ The different circumstances in every case should be considered. The trial court can consider various factors that go into determining what will be required to give a reasonable assurance that the defendant will be present at trial. Prior felony convictions and the potential punishment in the case for which bond is being set are two considerations. *Ex parte Runo*, 535 S.W.2d 188 (Tex. Crim.App.1976). The trial court may also consider the fact that the accused has previously skipped bail. *Ex parte Poindexter*, 511 S.W.2d 529 (Tex.Crim.App.1974).

■ In the present case, the State points to evidence in the record that Watson was arrested in 1991 for unlawful flight to avoid prosecution and again in 1992 for parole violations and that Watson had made plans to escape from jail. Other evidence was offered to show Watson's disrespect for lawful authority and unwillingness to abide by the rules of the law enforcement system. Watson had made weapons while incarcerated which were dangerous to other prisoners and the jail staff and, on several occasions, Watson threw containers of urine and other materials on jail guards. Furthermore, the possible punishment upon conviction in the present case (capital murder), is either death or imprisonment for life. TEX. PENAL CODE ANN. § 12.31(a) (Vernon 1994).

We conclude that the bail of $350,000 set in this case, viewed in context with the facts and circumstances of the case, is neither excessive nor oppressive. This point of error is overruled.

■ In his second point of error, Watson argues that the court should have reduced the amount of the bond or released him on his own recognizance because the State was not ready to proceed to trial within the time frame set forth in Article 17.151 of the Code of Criminal Procedure. That article provides in relevant part that a defendant accused of a felony who is detained in jail pending trial must be released, either on personal bond or by reducing the amount of bail required, if the State is not ready for trial within ninety days from the commencement of detention if he is accused of a felony. That article further provides that the provisions do not apply to a defendant who is being detained pending trial of another accusation against him as to which the applicable period has not yet elapsed. Tex.Code Crim. Proc. Ann. art. 17.151 (Vernon Supp.1997).

Watson was arrested on February 1, 1995, for each of the nineteen offenses for which he is awaiting trial, including the instant case. He was indicted in the instant case on March 1, 1995, a date within the ninety-day pre-scription of Article 17.151. He contends that the State was not ready to try the instant case within ninety days because some of the evidence was at the FBI laboratory in Wash-ington, D.C.

The State countered this contention at the habeas hearing to the effect that it had suffi-cient other evidence to go to trial, even with-out the evidence sent to the FBI, and it enumerated that evidence before the court, including the availability of two surviving victims to testify. We conclude that the State satisfied its obligation to show that it was ready for trial within the required time frame. This point of error is overruled.

■ Article 17.15 provides that the setting of bail is within the sound discretion of the trial court. We have reviewed the entire record and considered all factors, both favor-able and unfavorable to the applicant. There is no precise standard for reviewing bail bond settings. *Ex parte Pemberton,* 577 S.W.2d 266 (Tex.Crim.App. [Panel Op.] 1979). We do not find that the trial court abused its discretion.

We affirm the order of the trial court refusing to lower bail in this case.