Lamarcus SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–05–00061–CR.

Court of Appeals of Texas,
Texarkana.

Submitted March 15, 2005.

Decided March 16, 2005.

Alex Tyra, Law Office of Alex Tyra, Longview, for appellant.

648, § 2, 2001 Tex. Gen. Laws 1214 (effective September 1, 2001); *see Weaver*, 87 S.W.3d at 561.

Ray Bowman, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Lamarcus Smith filed a pretrial application for writ of habeas corpus and contends the trial court erred by denying his request for either a bond reduction or a personal recognizance bond.

On October 23, 2004, Smith was arrested for (1) theft of property valued at more than $50.00 and less than $500.00,[1] (2) evading arrest,[2] and (3) assault on a public servant.[3] The magistrate who initially reviewed Smith's case set Smith's bonds at $2,500.00 on the theft charge, $5,000.00 on the evading arrest charge, and $25,000.00 on the assault charge. The State filed trial informations for the evading arrest and theft charges November 3 and 10, 2004, respectively. The State did not, however, indict Smith for the assault charge until January 27, 2005—the same day on which Smith pled guilty to the misdemeanor charges in Gregg County's County Court at Law # 1, and the 96th day following his arrest.[4]

Four days later, Smith filed a pretrial application for writ of habeas corpus in the assault case. In the application, Smith asked the trial court to either reduce the bond amount on the felony charge or release Smith on a personal recognizance bond pursuant to Tex.Code Crim. Proc. Ann. art. 17.151 (Vernon Supp.2004–2005). The trial court conducted a hearing on Smith's application February 3, 2005, at which Smith presented no evidence. The State's only evidence consisted of the two judgments of conviction in the misdemeanor cases. After reviewing the evidence and hearing the arguments of counsel, the trial court denied Smith's request.

Smith cites Tex.Code Crim. Proc. Ann. art. 17.151 in support of his position that the trial court erred in denying his motion. That article provides in relevant part:

Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony;

(2) 30 days from the commencement of his detention if he is accused of a misdemeanor punishable by a sentence of imprisonment in jail for more than 180 days;

(3) 15 days from the commencement of his detention if he is accused of a misdemeanor punishable by a sentence

---

1. As charged in Smith's case (cause number 2004–5111), theft is a class B misdemeanor. See Tex. Pen.Code Ann. § 31.03(e)(2)(A)(i) (Vernon Supp.2004–2005). A class B misdemeanor is punishable by up to 180 days in jail and/or a $2,000.00 fine. Tex. Pen.Code Ann. § 12.22 (Vernon 2003).

2. As charged in Smith's case (cause number 2004–5111), evading arrest or detention is a class A misdemeanor. See Tex. Pen.Code Ann. § 38.04(b) (Vernon 2003). A class A misdemeanor is punishable by up to one year in jail and/or a fine of not more than $4,000.00. Tex. Pen.Code Ann. § 12.21 (Vernon 2003).

3. As charged in this case, assault on a public servant is a third-degree felony. See Tex. Pen. Code Ann. § 22.01(b)(1) (Vernon Supp.2004–2005).

4. Smith was sentenced to 170 days in jail, with credit for time served, on both misdemeanor charges.

of imprisonment for 180 days or less....

Sec. 2. The provisions of this article do not apply to a defendant who is:

(1) serving a sentence of imprisonment for another offense while he is serving that sentence;

(2) being detained pending trial of another accusation against him as to which the applicable period has not yet elapsed; or

(3) incompetent to stand trial, during the period of his incompetence.

*Id.*

 "The burden of proof is on the petitioner to show that bail is excessive." *Carraway v. State*, 750 S.W.2d 12, 13 (Tex. App.-Houston [14th Dist.] 1988, no pet.) (citing *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex.Crim.App.1977)).[5] The accused generally meets this burden by showing that he or she has made an unsuccessful effort to furnish bail in the amount set previously. *Ex parte Willman*, 695 S.W.2d 752, 754 (Tex.App.-Houston [1st Dist.] 1985, no pet.) (citing *Ex parte Miller*, 631 S.W.2d 825 (Tex.App.-Fort Worth 1982, pet. ref'd); *Ex parte Williams*, 467 S.W.2d 433 (Tex.Crim.App.1971); *Ex parte Stembridge*, 472 S.W.2d 155 (Tex.Crim. App.1971)). If the record shows the accused is unable to make bond, then the trial court should grant relief if the other requirements of Article 17.151 have been met. *See, e.g., Ex parte Kernahan*, 657 S.W.2d 433 (Tex.Crim.App.1983). If, however, the record does not also show the current bail setting is excessive, then the accused is *not* entitled to relief—even if the evidence otherwise shows the accused has been in custody in excess of the time frame provided by Article 17.151. *Carraway*, 750 S.W.2d at 13.

In *Kernahan*, the court ordered the defendant released on his personal recognizance when the record before the Texas Court of Criminal Appeals showed the accused "had not one cent available to him in jail, no relatives from whom to seek assistance in raising funds for a surety bond in any amount[,] and did not know where to contact the party who had possession of his one lone asset—a pickup truck." *Kernahan*, 657 S.W.2d at 434. In *Ex parte McNeil*, the First Court of Appeals had before it a record in which the accused had filed an affidavit of indigency (which was approved by the trial court) and had testified that her financial circumstances had not changed when she filed for a bond reduction pursuant to Article 17.151. *Ex parte McNeil*, 772 S.W.2d 488, 490 (Tex. App.-Houston [1st Dist.] 1989, no pet.) (trial court erred in refusing to lower bond setting).

 Turning to the facts of the case now on appeal, Smith was sentenced to 170 days in jail January 27, 2005, for both misdemeanor charges. Assuming he remained continuously confined from the date of his arrest, October 23, 2004, Smith would satisfy those sentences no later than April 10, 2005. There was some discussion at the hearing on Smith's habeas applica-

---

5. In *Carraway*, the Fourteenth Court of Appeals questioned the validity of TEX.CODE CRIM. PROC. ANN. art. 17.151. *Carraway*, 750 S.W.2d at 13. That court reasoned that, because (a) the Texas Speedy Trial Act was unconstitutional in *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987), (b) the Texas Speedy Trial Act was part of a larger bill in which the Legislature adopted Article 17.151, and (c) the enacting language contained no severabil-

ity clause, that Article 17.151 might also be unconstitutional. The Texas Court of Criminal Appeals subsequently held Article 17.151 does not unduly interfere with a prosecutor's discretion in violation of the separation of powers clause of the Texas Constitution; Article 17.151 was, therefore, according to our state's highest criminal court, constitutional. *Jones v. State*, 803 S.W.2d 712, 714–17 (Tex. Crim.App.1991).

tion that the Gregg County sheriff was awarding prisoners "good time" credit toward misdemeanants' sentences. There was, however, no evidence that Smith had either received such credit or that he had, in fact, completely satisfied his sentences as ordered by the County Court at Law # 1.[6] Nor was there any evidence that Smith had participated in a county inmate work program, through which he might earn additional credit against the misdemeanor sentences. *See* TEX.CODE CRIM. PROC. ANN. art. 43.10 (Vernon Supp.2004–2005). The trial court, therefore, could have correctly determined that, under Section 2(1) of Article 17.151, Smith was not entitled to consideration for either a personal recognizance bond or a bond reduction under Section 1 of that same article because the evidence did not show Smith had finished serving his misdemeanor sentences. Stated differently: the trial court could have properly found that Smith's application was premature because there was no evidence Smith had finished "serving a sentence of imprisonment for another offense...." TEX.CODE CRIM. PROC. ANN. art. 17.151, § 2(1). We cannot, therefore, say the trial court erred by denying Smith's application for writ of habeas corpus.

■ Moreover, even assuming that the provisions of Article 17.151, Section 1 were triggered (and assuming none of the statutory exceptions barred Smith from receiving a bond reduction or becoming eligible for a personal recognizance bond), Smith still cannot prevail on appeal for two key reasons. First, there is no evidence or testimony that Smith has previously attempted to make the current $25,000.00

bond. *Contrast Ex parte Huff,* No. 14–02–01069–CR, 2003 WL 1344843, at *3, 2003 Tex.App. LEXIS 2398, at *7–8 (Tex.App.-Houston [14th Dist] Mar. 20, 2003, no pet.) (not designated for publication) (appellant presented evidence of inability to make current bond setting). Second, the record before us lacks evidence about Smith's current financial situation. Although the trial court apparently approved Smith's application for a court-appointed attorney, "ability alone, even indigency, does not control the amount of bail." *Ex parte Welch,* 729 S.W.2d 306, 309–10 (Tex.App.-Dallas 1987, no pet.) (evidence of accused's financial situation incomplete with respect to efforts to post bond; trial court did not err by denying request to reduce bond). Without any evidence of Smith's available pecuniary resources, work history, family ties, length of residency in the community, criminal history, conformity with previous bond conditions, and/or the nature and circumstances of the offense committed, *see* TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.2004–2005); *Ex parte Watson,* 940 S.W.2d 733, 734–35 (Tex.App.-Texarkana 1997, no pet.), this Court cannot even begin to determine what an appropriate bail setting might be. *Contrast Ex parte Henson,* 131 S.W.3d 645, 647–48 (Tex. App.-Texarkana 2004, no pet.) (evidence showed accused's work history, family ties, assets, and ability to make bond). *See also* Op. Tex. Att'y Gen. No. H–1130 (1978) ("In our opinion, the bail must be reduced [pursuant to 17.151] to an amount defendant can pay and thereby secure his release. The amount of reduction necessary to release the defendant will depend on the

6. Furthermore, whether to grant "good time" credit rests within the exclusive discretion of the sheriff. *See* TEX.CODE CRIM. PROC. ANN. art. 42.032(2) (Vernon Supp.2004–2005). And while the Gregg County sheriff may, as a general policy, award all prisoners such good

conduct time, it is also within the sheriff's discretion to order any particular defendant's good conduct time be forfeited for misconduct. *See* TEX.CODE CRIM. PROC. ANN. art. 42.032(5) (Vernon Supp.2004–2005).

facts of each case. A token reduction of one dollar will not comply with this section's requirement that defendant 'be released … by reducing the amount of bail required.' ").

For the reasons stated, we affirm the trial court's judgment.