In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00061-CR
______________________________


LAMARCUS SMITH, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law #1
Gregg County, Texas
Trial Court No. 2004-5111


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Lamarcus Smith filed a pretrial application for writ of habeas corpus and contends the trial
court erred by denying his request for either a bond reduction or a personal recognizance bond. 
            On October 23, 2004, Smith was arrested for (1) theft of property valued at more than $50.00
and less than $500.00,


 (2) evading arrest,


 and (3) assault on a public servant.


 The magistrate who
initially reviewed Smith's case set Smith's bonds at $2,500.00 on the theft charge, $5,000.00 on the
evading arrest charge, and $25,000.00 on the assault charge. The State filed trial informations for
the evading arrest and theft charges November 3 and 10, 2004, respectively. The State did not,
however, indict Smith for the assault charge until January 27, 2005—the same day on which Smith
pled guilty to the misdemeanor charges in Gregg County's County Court at Law #1, and the 96th day
following his arrest.


 
            Four days later, Smith filed a pretrial application for writ of habeas corpus in the assault case. 
In the application, Smith asked the trial court to either reduce the bond amount on the felony charge
or release Smith on a personal recognizance bond pursuant to Tex. Code Crim. Proc. Ann. art.
17.151 (Vernon Supp. 2004–2005). The trial court conducted a hearing on Smith's application
February 3, 2005, at which Smith presented no evidence. The State's only evidence consisted of the
two judgments of conviction in the misdemeanor cases. After reviewing the evidence and hearing
the arguments of counsel, the trial court denied Smith's request. 
            Smith cites Tex. Code Crim. Proc. Ann. art. 17.151 in support of his position that the trial
court erred in denying his motion. That article provides in relevant part:
Sec. 1. A defendant who is detained in jail pending trial of an accusation
against him must be released either on personal bond or by reducing the amount of
bail required, if the state is not ready for trial of the criminal action for which he is
being detained within:
(1) 90 days from the commencement of his detention if he is accused of a
felony;
(2) 30 days from the commencement of his detention if he is accused of a
misdemeanor punishable by a sentence of imprisonment in jail for more than 180
days;
(3) 15 days from the commencement of his detention if he is accused of a
misdemeanor punishable by a sentence of imprisonment for 180 days or less . . . .
 
Sec. 2. The provisions of this article do not apply to a defendant who is:
(1) serving a sentence of imprisonment for another offense while he is
serving that sentence;
(2) being detained pending trial of another accusation against him as to which
the applicable period has not yet elapsed; or
(3) incompetent to stand trial, during the period of his incompetence.

Id. 
            "The burden of proof is on the petitioner to show that bail is excessive." Carraway v. State,
750 S.W.2d 12, 13 (Tex. App.—Houston [14th Dist.] 1988, no pet.) (citing Ex parte Vasquez, 558
S.W.2d 477, 479 (Tex. Crim. App. 1977)).


 The accused generally meets this burden by showing
that he or she has made an unsuccessful effort to furnish bail in the amount set previously. Ex parte
Willman, 695 S.W.2d 752, 754 (Tex. App.—Houston [1st Dist.] 1985, no pet.) (citing Ex parte
Miller, 631 S.W.2d 825 (Tex. App.—Fort Worth 1982, pet. ref'd); Ex parte Williams, 467 S.W.2d
433 (Tex. Crim. App. 1971); Ex parte Stembridge, 472 S.W.2d 155 (Tex. Crim. App. 1971)). If the
record shows the accused is unable to make bond, then the trial court should grant relief if the other
requirements of Article 17.151 have been met. See, e.g., Ex parte Kernahan, 657 S.W.2d 433 (Tex.
Crim. App. 1983). If, however, the record does not also show the current bail setting is excessive,
then the accused is not entitled to relief—even if the evidence otherwise shows the accused has been
in custody in excess of the time frame provided by Article 17.151. Carraway, 750 S.W.2d at 13.
            In Kernahan, the court ordered the defendant released on his personal recognizance when the
record before the Texas Court of Criminal Appeals showed the accused "had not one cent available
to him in jail, no relatives from whom to seek assistance in raising funds for a surety bond in any
amount[,] and did not know where to contact the party who had possession of his one lone asset—a
pickup truck." Kernahan, 657 S.W.2d at 434. In Ex parte McNeil, the First Court of Appeals had
before it a record in which the accused had filed an affidavit of indigency (which was approved by
the trial court) and had testified that her financial circumstances had not changed when she filed for
a bond reduction pursuant to Article 17.151. Ex parte McNeil, 772 S.W.2d 488, 490 (Tex.
App.—Houston [1st Dist.] 1989, no pet.) (trial court erred in refusing to lower bond setting). 
            Turning to the facts of the case now on appeal, Smith was sentenced to 170 days in jail
January 27, 2005, for both misdemeanor charges. Assuming he remained continuously confined
from the date of his arrest, October 23, 2004, Smith would satisfy those sentences no later than
April 10, 2005. There was some discussion at the hearing on Smith's habeas application that the
Gregg County sheriff was awarding prisoners "good time" credit toward misdemeanants' sentences. 
There was, however, no evidence that Smith had either received such credit or that he had, in fact,
completely satisfied his sentences as ordered by the County Court at Law #1.


 Nor was there any
evidence that Smith had participated in a county inmate work program, through which he might earn
additional credit against the misdemeanor sentences. See Tex. Code Crim. Proc. Ann. art. 43.10
(Vernon Supp. 2004–2005). The trial court, therefore, could have correctly determined that, under
Section 2(1) of Article 17.151, Smith was not entitled to consideration for either a personal
recognizance bond or a bond reduction under Section 1 of that same article because the evidence did
not show Smith had finished serving his misdemeanor sentences. Stated differently: the trial court
could have properly found that Smith's application was premature because there was no evidence
Smith had finished "serving a sentence of imprisonment for another offense . . . ." Tex. Code Crim.
Proc. Ann. art. 17.151, § 2(1). We cannot, therefore, say the trial court erred by denying Smith's
application for writ of habeas corpus.
            Moreover, even assuming that the provisions of Article 17.151, Section 1 were triggered (and
assuming none of the statutory exceptions barred Smith from receiving a bond reduction or
becoming eligible for a personal recognizance bond), Smith still cannot prevail on appeal for two
key reasons. First, there is no evidence or testimony that Smith has previously attempted to make
the current $25,000.00 bond. Contrast Ex parte Huff, No. 14-02-01069-CR, 2003 Tex. App. LEXIS
2398, at *7–8 (Tex. App.—Houston [14th Dist] Mar. 20, 2003, no pet.) (not designated for
publication) (appellant presented evidence of inability to make current bond setting). Second, the
record before us lacks evidence about Smith's current financial situation. Although the trial court
apparently approved Smith's application for a court-appointed attorney, "ability alone, even
indigency, does not control the amount of bail." Ex parte Welch, 729 S.W.2d 306, 309–10 (Tex.
App.—Dallas 1987, no pet.) (evidence of accused's financial situation incomplete with respect to
efforts to post bond; trial court did not err by denying request to reduce bond). Without any evidence
of Smith's available pecuniary resources, work history, family ties, length of residency in the
community, criminal history, conformity with previous bond conditions, and/or the nature and
circumstances of the offense committed, see Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp.
2004–2005); Ex parte Watson, 940 S.W.2d 733, 734–35 (Tex. App.—Texarkana 1997, no pet.), this
Court cannot even begin to determine what an appropriate bail setting might be. Contrast Ex parte
Henson, 131 S.W.3d 645, 647–48 (Tex. App.—Texarkana 2004, no pet.) (evidence showed
accused's work history, family ties, assets, and ability to make bond). See also Op. Tex. Att'y Gen.
No. H-1130 (1978) ("In our opinion, the bail must be reduced [pursuant to 17.151] to an amount
defendant can pay and thereby secure his release. The amount of reduction necessary to release the
defendant will depend on the facts of each case. A token reduction of one dollar will not comply
with this section's requirement that defendant 'be released . . . by reducing the amount of bail
required.'").
            For the reasons stated, we affirm the trial court's judgment.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          March 15, 2005
Date Decided:             March 16, 2005

Publish