In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00043-CR
______________________________


DONALD ALFONSO DICKERSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 21247


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          On May 13, 2005, Donald Alfonso Dickerson pled guilty to burglary of a habitation. 
Pursuant to a plea agreement, the trial court deferred a finding of guilt and placed
Dickerson on community supervision for ten years. A few months later, the State filed a
motion to proceed to an adjudication of Dickerson's guilt. Dickerson was arrested and
released from jail on a $5,000.00 personal bond. On December 16, 2005, however, the
trial court found the $5,000.00 bond insufficient and revoked Dickerson's bond. Dickerson
was again arrested and remained in jail pending a hearing on the motion to adjudicate. 
After considering the parties' evidence and argument at a January 27, 2006, hearing, the
trial court formally adjudicated Dickerson's guilt and assessed his punishment at ten years'
imprisonment. 
          Dickerson now appeals raising three points of error. The State contends we lack
jurisdiction to consider any of Dickerson's appellate issues. We affirm the trial court's
judgment.
I. Jurisdiction
          The State contends we lack jurisdiction to consider any of Dickerson's appellate
issues. Dickerson first alleges the evidence is legally insufficient to support the trial court's
decision to revoke his bond pending a hearing on the State's motion to adjudicate guilt. 
Dickerson erroneously labels his second issue as a challenge to the factual sufficiency of
the evidence to support the trial court's decision to revoke his bond; the true substance of
that issue is an attack on the factual sufficiency of the evidence supporting the trial court's
decision to adjudicate guilt. Dickerson's third point of error challenges the propriety of the
personal bond's conditions of pretrial release. 
          If a trial court defers a finding of guilt and releases a defendant to community
supervision, and if the State files a motion with the trial court alleging the defendant has
violated the terms of the community supervision contract with the trial court, then the
defendant may be arrested and detained as provided by Section 21 of Article 42.12 of the
Texas Code of Criminal Procedure. 
The defendant is [then] entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge. No appeal may be taken from this determination. After an
adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision, and
defendant's appeal continue as if the adjudication of guilt had not been
deferred.
 
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2006) (emphasis added).
          Dickerson's first and third issues on appeal relate to events occurring nearly a month
before the trial court proceeded to adjudicate Dickerson's guilt. Because these issues do
not relate to the trial court's decision to adjudicate his guilt, we conclude we are not without
jurisdiction to consider the merits of Dickerson's first and third points of error.
          Nevertheless, the State is correct with respect to Dickerson's second point of error,
which challenges the factual sufficiency of the evidence to support the trial court's decision
to proceed to an adjudication of guilt. We are clearly without jurisdiction to consider such
an issue. Cf. Fluellen v. State, 71 S.W.3d 870, 872 (Tex. App.—Texarkana 2002, pet.
ref'd). We, therefore, overrule Dickerson's second point of error.
II. Legal Sufficiency of the Trial Court's Decision To Revoke Dickerson's Bond
          In his first point of error, Dickerson contends the evidence is legally insufficient to
support the trial court's decision to revoke Dickerson's $5,000.00 personal bond pending
a hearing on the State's motion to adjudicate Dickerson's guilt. The trial court's docket
sheet shows the trial court declared Dickerson's personal bond to be insufficient 
December 16, 2005. The trial court issued no written ruling explaining its reason for that
decision. There is, however, nothing in the record to show Dickerson objected to this ruling
between the time of his arrest and the time of the January hearing. And, when the trial
court reconvened the proceedings in Dickerson's case on January 27, Dickerson again
failed to object to the trial court's decision to either revoke or raise the personal bond. 
          "As a prerequisite to presenting a complaint for appellate review, the record must
show that: (1) the complaint was made to the trial court by a timely request, objection, or
motion . . . ." Tex. R. App. P. 33.1(a). Dickerson did not raise this issue at the trial court
level. Accordingly, he has failed to preserve this issue for our review. 
          We further note that a challenge to a trial court's bail setting is more properly
presented by way of an application for writ of habeas corpus. See, e.g., Ex parte Lewis,
Nos. 2-06-018-CR, 2-06-081-CR, 2006 Tex. App. LEXIS 4976, at *1–3 (Tex. App.—Fort
Worth June 8, 2006, no pet.) (mem. op.) (not designated for publication) (appeal of habeas
application seeking bond reduction); Smith v. State, 161 S.W.3d 191, 192 (Tex.
App.—Texarkana 2005, no pet.) (appeal of pretrial habeas application seeking bond
reduction). The record contains no evidence that Dickerson ever applied for an application
for writ of habeas corpus to challenge the trial court's bail setting. Instead, Dickerson
waited until after forty days from the trial court's action declaring the personal bond
insufficient, until after the trial court had conducted a hearing on the State's motion to
adjudicate guilt, and until Dickerson had filed his notice of appeal regarding the trial court's
decision to adjudicate guilt, before he first attempted to raise this issue.
          Finally, the decision to grant a personal bond lies within the sound discretion of the
reviewing magistrate. Tex. Code Crim. Proc. Ann. art. 17.03(a) (Vernon 2005). Dickerson
has presented no argument or authority regarding why, in his case, the trial court's decision
constitutes an attempt to use bail as an instrument of oppression. Such a showing on
appeal would, however, be a prerequisite to finding error in the trial court's decision. Cf.
Hayden v. State, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd).
          For these reasons, we overrule Dickerson's first point of error.
III. The Propriety of Dickerson's Conditions of Personal Bond
          In his final point of error, Dickerson challenges the legality of the conditions of
pretrial release imposed by the trial court on Dickerson and other defendants who appear
in the 336th Judicial District Court of Texas. The purpose of bail is to assure the presence
of the accused at trial. Tex. Code Crim. Proc. Ann. art. 17.01 (Vernon 2005); Stack v.
Boyle, 342 U.S. 1, 5 (1951). Therefore, "the fixing of bail for any individual defendant must
be based upon standards relevant to the purpose of assuring the presence of that
defendant." Stack, 342 U.S. at 5. 
          Dickerson's appellate brief contains a laundry list of conditions he claims were
placed on his release pending a hearing on the State's motion to adjudicate. Dickerson
has also included in his brief's appendix what appears to be a page of bond conditions
imposed by the 336th Judicial District Court in a case styled State of Texas v. Kirk Jarrell. 
However, neither the laundry list nor the Jarrell bond conditions appear in the official record
of this case. Appellate issues should be confined to alleged errors evidenced by the
actual, official record in the case. Accordingly, these alleged facts are not a part of the
record before us, and we may not consider them for any purpose. We now turn to a review
of the true contents of the official appellate record.
          The record before us does not include the personal bond contract between the trial
court and Dickerson. Instead, the only evidence in the record before us of any bond
conditions imposed by the trial court comes from the trial court's docket sheet. That
instrument  records  that  the  court  required  Dickerson  to,  as  a  condition  of  his
release, (1) be accepted by, and attend, a Veteran's Affairs program for post-traumatic
stress disorder, bipolar disorder, and drug rehabilitation; (2) report periodically to a
community supervision officer; and (3) have no contact with his wife. With respect to the
first condition, a magistrate may, in appropriate cases, release a defendant on a personal
bond with the condition that the defendant submit to inpatient or outpatient mental health
treatment. Tex. Code Crim. Proc. Ann. art. 17.032(b) (Vernon 2005). The record also
affirmatively shows Dickerson wanted to attend the V.A. treatment program. With respect
to the second condition, the trial court could have reasonably assumed that requiring
Dickerson to continue to report to his community supervision officer (which was already a
proper requirement of community supervision) would enable the court to keep abreast of
Dickerson's progress with the V.A. treatment program, as well as any changes in
Dickerson's employment or residency. With respect to the final condition, a magistrate
may impose "any reasonable condition of bond related to the safety of a victim of the
alleged offense or to the safety of the community." Tex. Code Crim. Proc. Ann. art. 17.40
(Vernon 2005). Dickerson's wife, Deneen Dickerson, is the complainant in this case. In
short, we cannot say the record before us supports a finding that the trial court imposed
any illegal or unconstitutional conditions of pretrial release. We overrule Dickerson's final
point of error.
          We affirm the judgment.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      August 4, 2006
Date Decided:         August 25, 2006

Do Not Publish