Affirmed and Opinion filed November 16, 2006








Affirmed
and Opinion filed November 16, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00788-CR

____________

 

DENNIS JOE PHARRIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 1031225

 



 

M E M O R A N D U M   O P I N I O N








Appellant is charged with first degree felony theft.[1] 
Bail was originally set at $10 million, but was reduced to $2.5 million on July
15, 2005.  This amount was later reduced to $1 million.  Appellant challenged
this ruling and the First Court of Appeals reversed the trial court and
rendered judgment that bail be set at $500,000.  Pharris v. State, 196
S.W.3d 369, 374 (Tex. App.BHouston [1st Dist.] 2006, no pet.). 
Appellant was unable to make bail and filed a motion to reduce bail to $5000. 
After a hearing, the trial court denied appellant=s motion by order
signed August 30, 2006.  Appellant asserts that bail must be reduced to $5000
under article 17.151 of the Code of Criminal Procedure.  We affirm.

Background

In his motion to reduce bail, appellant conceded that
evidence had previously supported the court=s order setting
bail at $500,000, but appellant alleged that circumstances have now changed
because a notice of lis pendens was filed on the real property the bondsman
wanted to use as security.  A copy of this lis pendens was attached to the
motion.  Additionally, an affidavit from the bondsman, David Schmidt, was
attached to the motion.

In the first appeal regarding bail, Pharris v. State,
196 S.W.3d 369 (Texas App.BHouston [1st Dist.] 2006, no pet.), two
bail bondsmen testified in the hearing on the writ of habeas corpus.  One
testified that, after preliminary research, he would post bail of a maximum of
$100,000-125,000.  Id. at 371.  The other witness, David Schmidt,
testified he had investigated judgments against appellant and his family and
had discussions with appellant=s family attorney regarding property that
could be used to secure a bond.  Id.  Schmidt testified he would post a
bail bond for appellant up to a maximum of $500,000.  Id. 

In the affidavit attached to the motion to reduce bond in
this case, Schmidt stated his previous opinion that appellant could make a
$500,000 bond was based on the ability to use a parcel of real property in Hill
County as security.  Because a notice of lis pendens was filed, Schmidt stated
that appellant no longer has the ability to make a $500,000 bond, that he does
not believe appellant has the present ability to make a bond greater than
$5000, and that Schmidt would not post a bond of more than $5000. 








David Schmidt was the sole witness for appellant at the
hearing on the motion to reduce bond.  Schmidt testified he had done extensive
research and had a real estate attorney work with him regarding securing the
bond with the Hill County property owned by the Pharris Family Trust. 
According to Schmidt, the lis pendens was filed in conjunction with a claim in
appellant=s mother=s bankruptcy 
case.  Schmidt testified that the lis pendens clouded title to the property and
the title company would no longer issue a title policy.  Without the title
policy, Schmidt testified he would not make the bond.  Because appellant has
paid cash of $6,500, Schmidt testified that he would hold $5000 in escrow and
would be willing to post a $5000 bond.  Schmidt testified that his research
revealed no other unencumbered real property that would support a higher bond. 
Schmidt admitted, however, that he has done no research regarding any assets
other than real property.  

The State called one witness, David Pilant, a fraud
examiner for the Harris County District Attorney=s Office.  Pilant
testified he had reviewed numerous bank records and deed records relating to
this case.  Pilant testified that appellant=s financial
statements revealed he controlled approximately $25 million in the JLP Trust,
that his mother possessed approximately $13 million in assets, that his mother=s company,
Land-Tex, was worth approximately $64 million, and that appellant=s company, NG
Holdings, was worth approximately $35 million.  However, Pilant admitted that
appellant=s financial statements were Agrossly
exaggerated.@  Pilant further testified that the net amount of
money appellant had obtained from victims since he was first indicted was in
excess of $8 million; however, this money has yet to be located.  As to the
real property, Pilant understands that these are either tied up in bankruptcy
or have judgment liens on them. 

Discussion








Appellant contends that article 17.151 mandates that
appellant is presently entitled to a bail he can make and, because the record
establishes that appellant cannot make bail of more than $5000, bail must be
reduced to $5000.  Article 17.151 provides that a defendant who is detained in
jail pending trial must be released either on personal bond or by reducing the
amount of bail required, if the state is not ready for trial within 90 days of
his detention if he is accused of a felony.  Tex.
Code Crim. Proc. Ann. art. 17.151 ' 1(1) (Vernon
Supp. 2006).  In Rowe v. State, the Court of Criminal Appeals held that
the provisions of article 17.151 are mandatory.  853 S.W.2d 581, 582 n.1 (Tex.
Crim. App. 1993)(en banc).  AIf the trial court chooses to reduce the
amount of bail required, it must reduce bail required to an amount that the
record reflects an accused can make in order to effectuate release.  Id. 
The burden of proof is on the accused to show the he is unable to make the
bond.  See Carraway v. State, 750 S.W.2d 12, 13 (Tex. App.BHouston [14th
Dist.] 1988, no pet.). 

Appellant presented one witness, who testified that he
would not make a bond for $500,000 because there was no longer any real
property available to use as security for the bond.  However, this witness also
admitted he had not done any further investigation of appellant=s assets and that
he has never investigated appellant=s financial assets
or bank records.  Although the evidence establishes appellant has no real
property available to secure a bond, appellant presented no evidence concerning
assets other than real property that are available to secure a bond.  Because
we conclude appellant did not meet his burden of proving he was unable to make
the $500,000 bond, we hold the trial court did not abuse its discretion in
denying appellant=s motion to reduce bond.

Accordingly, we affirm the trial court=s order denying
appellant=s motion to reduce bond.

PER
CURIAM

 

Judgment rendered and Memorandum
Opinion filed November 16, 2006.

Panel consists of Justices Anderson,
Hudson, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 









[1]  Appellant was originally charged on June 17, 2004,
with the offense of forgery.  A new charge was filed on December 15, 2004,
alleging the offense of theft from Hibernia Bank.  On April 15, 2005, the state
filed new charges alleging theft against Southwestern Bank.  On June 20, 2005,
the state filed the instant case, which allegedly incorporates all existing
theft cases against appellant.