

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00413-CR

## EX PARTE JAMES RAY BROSSETT

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2015-1932-C2A**

## O P I N I O N

Appellant James Ray Brossett is charged in a two-count indictment with capital murder and attempted capital murder. Bail was set at $5 million, and Brossett filed an application for writ of habeas corpus seeking bail reduction. After a hearing, the trial court denied relief, refusing to reduce the bail amount. Brossett appeals, asserting in one issue that the trial court abused its discretion in refusing to reduce the $5 million bail.

Specifically, the indictment charges Brossett with capital murder, alleging that he caused the death of Laura Patschke by shooting her with a firearm while in the course of committing or attempting to commit burglary of a habitation, and with attempted capital murder, alleging that Brossett, with the specific intent of causing the death of Trevor Patschke, shot Trevor Patschke with a firearm while in the course of committing or

attempting to commit burglary of a habitation. At the hearing, the State indicated that it is seeking the death penalty and that Brossett had confessed.

With the trial court's permission and with no objection from Brossett, the State made the following proffer of the facts and circumstances of the offense at the hearing:

Laura had been in a relationship with Brossett, but it had begun to deteriorate in February of 2015 because of Brossett's conduct. Laura broke off the relationship in June of 2015. Brossett continually harassed Laura with phone calls and text messages, and at one point, drove to her house and hid his truck inside Laura's shop. When Laura got home, Brossett came out and told her, "Yeah, you see, I can do that. I was here and you didn't even know." Laura reported Brossett, and he was arrested for harassment. The very day that Brossett was released on bail, he sent approximately two hundred text messages to Laura. Brossett was arrested again, this time for stalking, violation of a protective order, and violation of bond conditions.

Brossett bonded out again on these new charges. Brossett was out on this bail bond when he killed Laura on the evening of July 5, 2015. Laura's three children had just returned from visitation with their father. Brossett drove from Arlington, armed with a shotgun with a flashlight taped to it, and a backpack with triple-aught buckshot shells. Brossett parked in a secluded area then hiked more than a mile through rough terrain to Laura's home. Arriving at the house, Brossett went up the back stairs, kicked in Laura's bedroom door, and fired a shot at Laura.

Her children heard the shot, and her sons, in anticipation that Brossett might come to the house and cause trouble, had been sleeping with weapons close by. In response to the sound of the gunshot, the sons got their weapons and went to that part of the house. Brossett called out to Trevor, one of the sons, and fired at him twice. One round struck Trevor, breaking two bones in his arm. The children then fled the house.

Brossett then turned his attention back to Laura. He shot her in the left side, then he fired the fatal shot at point-blank range. After killing Laura, Brossett began searching the house and the surrounding area for the children, looking to "finish the job." Unable to find the children, Brossett went back into the house, took the keys to a vehicle, and drove back to his truck. He parked the stolen vehicle in a secluded spot and drove his truck back to the North Texas area, where he eluded capture with the assistance of persons who were not aware of the murder.

Brossett called one witness, his brother-in-law Coy Pennington, who testified that he was married to Brossett's half-sister, who was quite a bit older than Brossett. Pennington had married Brossett's half-sister shortly after Brossett had been born, and they had been married for 47 years. Pennington said that Brossett's mother died when he was in high school; he then went to live with his father for a short period of time, but eventually came to live with Pennington and his wife, and he stayed with them until he graduated from high school. Pennington kept in touch with Brossett over the years at

holiday times, and they had hunted together before. Pennington said that Brossett was a hunter and had a number of high-powered rifles.

Brossett had another brother and a sister, along with a cousin who lived in Australia. Pennington did not know if Brossett had a passport, and he has always lived in Texas. According to Pennington, Brossett owned a masonry company, but his assets were limited. He thought that Brossett did not own his home, nor did he own any real estate or personal property besides his truck, firearms, and an ATV hunting vehicle. Pennington worked for the City of Forth Worth as a plumbing inspector, and his wife also worked, but they were not able to put up any property to help Brossett with bail, and there were no other relatives in a position to do so. Pennington testified that if Brossett was able to make bail, he could live with him and his wife.

We review a trial court's pretrial bail determination under an abuse-of-discretion standard. *Ex parte Rubac,* 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Davis,* 147 S.W.3d 546, 548 (Tex. App.—Waco 2004, no pet.). A habeas applicant bears the burden of proving that his bail is excessive. *Rubac,* 611 S.W.2d at 849; *Davis,* 147 S.W.3d at 548. Article 17.15 lists five factors to be considered in determining what bail is appropriate:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3        The nature of the offense and the circumstances under which it was committed are to be considered.

4.       The ability to make bail is to be regarded, and proof may be taken upon this point.

5.       The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2015). Other pertinent factors include family and community ties, work history, length of residence in the county, prior criminal record, conformity with conditions of prior bonds, and any aggravating circumstances of the offense. *Rubac,* 611 S.W.2d at 849-50; *Davis,* 147 S.W.3d at 548. We review the trial court's decision in light of the above factors.

"[B]ail should be set high enough to give reasonable assurance that the defendant will appear at trial." *Ex parte McCullough,* 993 S.W.2d 836, 837 (Tex. App.—Waco 1999, no pet.) (quoting *Ex parte Brown,* 959 S.W.2d 369, 371 (Tex. App.—Fort Worth 1998, no pet.)). Although a defendant's ability to make bail is a factor for consideration, inability to make bail, even to the point of indigence, does not control over the other factors. *Ex parte Charlesworth,* 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980); *Davis,* 147 S.W.3d at 548.

At the hearing, Brossett's counsel conceded that the facts of this case "certainly warrant a significant and a high bond," but that $5 million is far beyond similar cases and that $500,000 bail would be appropriate.

The State argues that $5 million bail is not excessive because: Brossett committed these offenses while out on bond; he has a relative in Australia; he is a hunter and has

firearms and "field-craft" knowledge; and Laura's surviving children, one of whom is a victim of the charged attempted capital murder, are witnesses and their future safety is at stake. Moreover, the State is seeking the death penalty, and Brossett allegedly has prior violent felony convictions.

Along with considering the future safety of the victim of the alleged offense and the community, the trial court can consider that the defendant's commission of crimes while released on bail warrants a bail sufficient to ensure the safety of the community and the victim. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(5); *Ex parte Jackson*, No. 14-10-00979-CR, 2011 WL 166933, at *5 (Tex. App.—Houston [14th Dist.] Jan. 13, 2011, no pet.) (mem. op., not designated for publication).

Several years ago the Fourth Court of Appeals addressed a $1.5 million bail in a capital murder case. *See Ex parte Gonzales*, 383 S.W.3d 160 (Tex. App.—San Antonio 2012, pet. ref'd). The court found that the $1.5 million bail was not excessive, *id.* at 167, but in a concurring opinion, Justice Simmons concurred because the appellant had failed to meet his evidentiary burden to show excessive bail, but she noted: "The $1,500,000.00 bail amount in this case is fifty percent higher than any bail amount previously upheld for a single capital murder charge in the State of Texas and twice as high as any amount previously upheld by this court." *Id.* (Simmons, J., concurring).

The State has not provided the court with any precedent upholding bail in the amount of $5 million or anywhere near that amount. We recently upheld bail set at $1 million in a capital murder case. *See Ex parte Lewis*, No. 10-13-00448-CR, 2014 WL 2810629, at *2 (Tex. App.—Waco June 19, 2014, pet. ref'd) (mem. op., not designated for

publication). Accordingly, after our review of the record and relevant authority (including the absence of authority in support of bail at or near $5 million), we hold the trial court abused its discretion in setting bail at $5 million. Brossett's issue is sustained.

The trial court's order denying the writ of habeas corpus is reversed. We render judgment setting Brossett's bail at $1,000,000 and remand the case to the trial court to set conditions of bail that would adequately address any concerns should Brossett be able to post a bail bond in that amount. *See Davis*, 147 S.W.3d at 547, 553 (in related murder cases where bail was set at $1 million for each appellant, reducing bail to $500,000 and $750,000, respectively); *see also Ex parte Bentley*, No. 10-15-00301-CR, 2015 WL 9592456, at *3 (Tex. App.—Waco Dec. 31, 2015, no pet.) (mem. op., not designated for publication) (reversing denial of habeas for bail set at $250,000 and rendering judgment setting bail at $50,000).

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Chief Justice Gray concurring and dissenting)
Reversed and rendered and remanded in part
Opinion delivered and filed April 28, 2016
Publish
[OT06]

