

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00188-CR

## EX PARTE DARRYL OWEN

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2016-215-C2A**

## MEMORANDUM OPINION

Darryl Owen appeals from a judgment that denied his writ of habeas corpus in which he was seeking a reduction in his bail set at $1,000,000. TEX. CODE CRIM. PROC. ANN. Ch. 17 (West 2005). Owen has been indicted for assault with bodily injury against a family member with a prior conviction, which is a third-degree felony. TEX. PEN. CODE ANN. § 22.01(b)(2)(A). The indictment also has two enhancement paragraphs. Owen complains that the trial court abused its discretion by denying the writ because the amount is excessive pursuant to the U.S. and Texas Constitutions. Because we find that the trial court did not abuse its discretion, we affirm the judgment of the trial court.

*Bail*

An applicant seeking a writ of habeas corpus bears the burden of proving facts that would entitle him to relief and ensuring that a sufficient record is presented to show error requiring reversal. *See Ex parte Kimes*, 872 S.W.2d 700, 703-04 (Tex. Crim. App. 1993). Both the federal and state constitutions prohibit excessive bail. U.S. CONST. amend. VIII; TEX. CONST. art. I, §§ 11, 13.

The primary purpose for setting bail is to secure the presence of the defendant in court at his trial. *See Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); *Golden v. State*, 288 S.W.3d 516, 519 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). The amount of bail should be set sufficiently high to give reasonable assurance that the accused will comply with the undertaking, but should not be set so high as to be an instrument of oppression. *See Ex parte Bufkin*, 553 S.W.2d 116, 118 (Tex. Crim. App. 1977); *Montalvo v. State*, 315 S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

When reviewing a trial court's determination regarding the amount of bail set, appellate courts apply an abuse-of-discretion standard. *See Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981) (reviewing bail pending appeal for abuse of discretion). In the exercise of its discretion, a trial court should consider the following factors set forth in Article 17.15 of the Texas Code of Criminal Procedure in setting a defendant's bail before trial:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West Supp. 2014); *see Ludwig v. State*, 812 S.W.2d 323, 324 (Tex. Crim. App. 1991). In addition to these factors, courts should also consider the defendant's work record, family ties, residency, criminal record, conformity with previous bond conditions, and aggravating factors involved in the offense. *See Ex parte Rubac*, 611 S.W.2d at 849-50.

*Nature and circumstances of the offense*

In determining whether the trial court abused its discretion, the defendant's potential sentence and the nature of the crime are "primary factors" for us to consider. *See Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd); *see also Montalvo*, 315 S.W.3d at 593 (noting that consideration of nature and circumstances of offense requires us to consider range of punishment permitted in event of conviction). When the nature of the offense is serious and a lengthy sentence following trial is probable, bail should be "set sufficiently high to secure the presence of the accused at trial because the accused's reaction to the prospect of a lengthy prison sentence might be not

to appear." *See Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Although Owen is charged with assault causing bodily injury to a family member with a prior family violence conviction, a third degree felony, the two enhancing paragraphs in the indictment, if found true, make the punishment range a minimum of twenty-five years to a maximum of ninety-nine years or life imprisonment plus a fine of up to $10,000. *See* TEX. PENAL CODE ANN. § 12.42(d).

Owen is accused of assaulting his fiancée, with whom he was residing and buying a house at the time of the offense. The victim told officers on the night of the assault that Owen had hit her with a closed fist at least three times after they were fighting over the victim calling 9-1-1 with a cell phone. The argument had started over Owen trying to call someone to purchase drugs. After the altercation, the victim had a bruise on her face and a split lip. When the police encountered her, her face and shirt were covered in blood. The officers who spoke with the victim the night of the offense believed that she was not intoxicated that night. However, the victim testified at the habeas hearing that she was so intoxicated that night she could not recall what had happened, but that Owen had not been the aggressor. The victim had signed an affidavit of non-prosecution and did not wish to pursue charges against Owen. One officer testified that this was not the first time law enforcement had been involved in a family violence situation between Owen and the victim.

The $1,000,000 bail amount set in this case, while not common, is within the range of bail amounts that have been upheld for some first degree felony offenses other than murder or capital murder that carry a similar range of punishment to the maximum punishment Owen is facing if found guilty of this offense and the enhancement paragraphs. *See, e.g., O'Brien v. State*, No. 01-12-00176—CR, 2012 Tex. App. LEXIS 5548, 2012 WL 2922545, at *1-5 (Tex. App.—Houston [1st Dist.] July 5, 2012, no pet.) (mem. op., not designated for publication) (no abuse of discretion in refusal to reduce bail set at $750,000 for first-degree felony charge of theft of property valued at over $200,000); *Ex parte Cuevas, Jr.*, No. 11-03-00402—CR, 2004 Tex. App. LEXIS 2457, 2004 WL 527960, at *4-5 (Tex. App.—Eastland Mar.18, 2004, no pet.) (mem. op., not designated for publication) (approving bail set at $1,000,000 in case involving offense of engaging in organized criminal activity to commit theft of farm equipment worth over $150,000); *Ex parte Waddell*, No. 14-02-01237—CR, 2003 Tex. App. LEXIS 5133, 2003 WL 21403545, *1-3 (Tex. App.—Houston [14th Dist.] June 19, 2003, no pet.) (mem. op., not designated for publication) (holding pretrial bail of $1,600,000 was not excessive where appellant was charged with engaging in organized crime involving theft of automobiles worth approximately $788,000, could be sentenced to between five to ninety-nine years in prison, and presented evidence that he could only raise a bond of $50,000); *see also Tran v. State*, No. 01-06-00035—CR, 2006 Tex. App. LEXIS 5658, 2006 WL 1771815, at *1-5 (Tex. App.—Houston [1st Dist.] June 29, 2006, no pet.) (mem. op., not designated for

publication) (upholding bail set at $800,000 for cocaine possession and $500,000 for marijuana possession); *Maldonado v. State*, 999 S.W.2d 91, 95-96 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (upholding $2.5 million bond where police recovered 721 kilos of cocaine). This factor favors the denial of the reduction of the bail amount.

*Ability to Make Bail*

The accused's ability to make bail is merely one factor to be considered in determining the appropriate amount of bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(4); *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.). Simply because a defendant cannot meet the bail set by the trial court does not automatically render it excessive. *Scott*, 122 S.W.3d at 870. "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be." *Id*.

The record shows that the trial court declared Owen to be indigent and appointed counsel to represent him. Owen testified that he receives disability income of $733 per month and can make approximately $400-500 per month mowing lawns if not incarcerated. Owen referenced a share in his mother's home who had recently passed away and Owen and the alleged victim in the offense currently pending were purchasing a house together, but there was no other evidence regarding any assets of Owen.

Owen did not specify, either in his motion or at the hearing, an amount of bail that

he would be able to pay, nor did he present any evidence about whether his family has any ability to help him make bail. *See Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted."). He did not explain what efforts, if any, were made to make the bail. *See id.* (finding no abuse of discretion absent, among other things, evidence of defendant's and his family's assets and attempts to make bond). This factor also favors the denial of the reduction of the bail amount.

*Safety of the Victim and the Community*

Regarding the safety of the victim, the victim testified that she was not afraid of Owen and was not even certain that he had committed the offense against her, even though she had made a statement shortly after the assault that matched up with the physical evidence stating that Owen had assaulted her. The victim and Owen were together when the police came to arrest Owen for this offense, and he hid in the attic of their residence with the victim present in the home in an attempt to evade being arrested. The victim lied to the officers about Owen's whereabouts. This factor favors the trial court's denial of the bail reduction.

*Community and Family Ties*

Owen testified that he had spent his entire life in the Waco area except for a period of sixteen years from 1992 to 2008 when he resided in Florida. There was no evidence

regarding family or community ties other than his relationship with the victim. When informed that he would not be allowed to communicate or reside with the victim if released, Owen testified that he could stay in his recently deceased mother's residence, but no evidence was presented regarding other family members. This factor favors the denial of the reduction of Owen's bond.

*Prior Convictions*

Owen's extensive criminal history includes convictions both in Texas and Florida for aggravated assault, assault on family members and a police officer, resisting and evading arrest, failure to appear for court, theft, burglary, forgery, unlawfully carrying and possessing weapons, and possession of cocaine. The trial court was permitted to take this history into consideration. *See Rubac*, 611 S.W.2d at 849-50. This factor strongly favors the trial court's denial of the reduction in Owen's bail.

*Analysis*

In determining whether the trial court abused its discretion by denying Owen's application, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the trial court's action was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). We must keep in mind that merely because the trial court decided a matter within its discretion in a different manner than this Court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id*.

Affording due deference to the trial court's ruling and considering the nature of the offenses, Owen's history of violence, and the safety of the victims and the community, we hold that Owen has failed to demonstrate that the bail amounts are excessive. *See Rubac*, 611 S.W.2d at 850; *Scott*, 122 S.W.3d at 868. While we believe that this bail amount is certainly on the outer edges of what would constitute an appropriate amount of bail, we do not find that the trial court's determination was without reference to any guiding rules or principles.[1] Therefore, we do not find that the trial court abused its discretion pursuant to these facts. We overrule Owen's sole issue.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed November 23, 2016
Do not publish
[CRPM]



---

[1] Owen argues that this Court's recent finding of a reduction from $5,000,000 to $1,000,000 as a reasonable bail amount in a capital murder case in *Ex Parte Brossett* demonstrates that the bail amount in this proceeding is unreasonable. *See Ex Parte Brossett*, No. 10-15-00143-CR, 2016 Tex. App. LEXIS 4448 (Tex. App.—Waco April 28, 2016, no pet. h.). Brossett had been released on bail and committed capital murder and attempted capital murder. This Court's holding in *Brossett* centered around the concept of the original bail amount of $5,000,000 being excessive and was reduced to $1,000,000. There was little information on Brossett's prior criminal history as compared to the extensive discussions of Owen's criminal history. We believe that *Brossett*, while informative regarding the reasonableness of bail in other unrelated proceedings, does not require a finding that the bail in this proceeding is excessive.