# NO. 12-24-00089-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 241ST* |
| *ANTHONY LEE TAYLOR* | § | *JUDICIAL DISTRICT COURT* |
| | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Anthony Lee Taylor appeals the trial court's denial of his application for writ of habeas corpus seeking a bond reduction. We affirm.

## BACKGROUND

Appellant was arrested on August 23, 2023, and charged with capital murder, for which he is currently awaiting trial. The trial court set Appellant's bail at $1,000,000.00. Appellant filed a motion for bond reduction.[1]

The arrest warrant affidavit alleges that Appellant drove two individuals (Herbert Simpson and Stephanie Brasher, his codefendants), to the victim's (Warren Rogers) apartment. Brasher went inside, while Appellant and Simpson drove away. Brasher delivered methamphetamine to Rogers on Simpson's behalf and talked with Rogers for approximately thirty minutes. Simpson arrived at the apartment and got into a verbal and physical altercation

---

[1] Although represented by counsel, Appellant's motion was filed pro se. Counsel subsequently filed a notice of appeal.

with Rogers, culminating in Simpson shooting Rogers in the head. Simpson took several items of personal property from Rogers's apartment, including a debit card, a tablet, and a cell phone, and then returned with Brasher to Appellant's truck. A separate witness, Simpson's cousin, informed law enforcement that the murder and robbery were premeditated, as he was intended to be the driver before he heard of Appellant's involvement.

Appellant filed an application for writ of habeas corpus seeking reduction of his bond to a "reasonable amount." At the hearing on the application, Appellant's mother, Rowena Taylor,[2] testified that Appellant was then fifty years old, lived in Tyler, Texas, for most of his life and his brother, niece, and nephew also lived in Smith County. Prior to his arrest, Appellant worked as a long-haul truck driver, which meant he was regularly absent for several days at a time. Taylor knew Appellant had previously been to prison for a drug-related offense but was not aware of any convictions for violent crimes. She stated that he lacked any assets or property he could sell to raise money. If Appellant were able to secure release from jail pending trial, Taylor testified that he would have a place to stay and she would do her best to ensure he complied with any bond conditions.

The State offered five exhibits into evidence, including an unsigned copy of the arrest warrant affidavit for this case, two printouts detailing Appellant's criminal history,[3] and two police reports. The first police report, dated April 24, 2023, showed that Appellant was traveling with Simpson in the vehicle allegedly used by Appellant related to the instant murder case. The second police report, dated August 1, 2023, describes a traffic stop of Appellant for displaying a false license plate, during which law enforcement searched Appellant's vehicle and located a small amount of methamphetamine, for which Appellant was arrested.

The trial court entered an order denying Appellant's application for writ of habeas corpus. This appeal followed.


## BOND REDUCTION DENIAL

In Appellant's sole issue, he challenges the trial court's denial of his request for a pre-trial bond reduction.

---

[2] Appellant shares a surname with this witness. Throughout this opinion, we will refer to Anthony Lee Taylor as "Appellant," and Rowena Taylor as "Taylor."

[3] The sources of the respective printouts are not disclosed in the record.

**Standard of Review and Applicable Law**

Because the decision regarding a proper bail amount lies within the sound discretion of the trial court, we review the trial court's denial of a request to reduce bail for an abuse of discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2023); *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981); *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.). In determining whether the trial court abused its discretion, we do not substitute our judgment for that of the trial court. *Montgomery v. State*, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). We must determine whether the trial court acted arbitrarily or unreasonably, without reference to any guiding rules or principles. *Id.* at 380. A trial court abuses its discretion when its decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *Id.* at 391 (op. on reh'g).

The purpose of setting a pretrial bond is to secure an appellant's presence at trial. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Rincon*, Nos. 04-13-00715-CR—04-13-00718-CR, 2014 WL 2443870, at *1 (Tex. App.—San Antonio May 28, 2014, no pet.) (mem. op., not designated for publication). The amount of bond necessary to achieve said purpose is committed to the trial court's sound discretion; however, the trial court's discretion is bounded and guided by constitutional and statutory provisions. *See Ex parte Estrada*, 398 S.W.3d 723, 724 (Tex. App.—San Antonio 2008, no pet.). The federal constitution, our state constitution, and our state laws prohibit "excessive" bail. U.S. CONST. Amend. VIII, TEX. CONST. art. I, § 13; TEX. CODE CRIM. PROC. ANN. art. 1.09 (West 2023). The petitioner bears the burden of showing that the bail set is excessive. *Rubac*, 611 S.W.2d at 849.

"[B]ail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with[;]" however, "[t]he power to require bail is not to be so used as to make it an instrument of oppression." TEX. CODE CRIM. PROC. ANN. art. 17.15(1), (2). Although a defendant's ability to make bail must be considered, it is not controlling. *See id.* art. 17.15(4); *Rodriguez*, 595 S.W.2d at 550. The primary considerations when assessing the reasonableness of bail are the punishments that can be imposed and the nature of the offense. *Ex parte Ramirez-Hernandez*, 642 S.W.3d 907, 917 (Tex. App.—San Antonio 2022, no pet.); *Ex parte Melartin*, 464 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The trial court must also consider the safety of the victim, law enforcement and the community. TEX. CODE CRIM. PROC. ANN. art. 17.15(5). Additional factors to be weighed in determining the amount of

bond include (1) the accused's work record, (2) the accused's family and community ties, (3) the accused's length of residency, (4) the accused's prior criminal record, (5) the accused's conformity with previous bond conditions, (6) the existence of other outstanding bonds, if any, and (7) aggravating circumstances allegedly involved in the charged offense. *See **Rubac***, 611 S.W.2d at 849-50; ***Smith v. State***, 829 S.W.2d 885, 887 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

## The Evidence

Appellant argues (and the State concedes) that he is financially unable to make the bail set by the trial court, and asserts that his lifelong residency in Smith County, Texas, familial ties to the community, and filing of a motion for speedy trial all indicate a high likelihood that he will appear for trial. Additionally, he stresses that his personal role in the murder for which he is charged was nonviolent, and that the State's case against him is weak and based solely upon his codefendants' accomplice testimony.

We begin by examining the evidence from the hearing regarding the primary considerations, the nature of the offense and the potential punishments, as well as the other applicable factors.

### *Nature of Offense and Potential Punishment*

Appellant is charged with capital murder, although the State recognized at the hearing that Appellant's role in the crime was "essentially the driver… to and from the robbery and murder." Appellant does not cite, and we do not find, any authority suggesting that a defendant charged as a party to a capital murder offense, but who did not personally kill the victim, should be afforded a lower bond amount. Although defense counsel stated that he was informed the State does not intend to seek the death penalty, if convicted, Appellant may still receive a sentence of life imprisonment without parole. TEX. PENAL CODE ANN. § 12.31(a)(2) (West 2023). Based on the serious nature of the crime and the substantial penalty if convicted, the trial court could have reasonably concluded that Appellant has a strong incentive to flee the jurisdiction. *See **Ex parte Castellanos***, 420 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

### *Safety of Law Enforcement and Community*

The allegation that Appellant was involved in a violent, premeditated robbery and murder raises a generalized concern for the community's safety. *See* TEX. CODE CRIM. PROC. ANN. art.

17.15(5); **Chavez v. State**, 671 S.W.3d 775, 786 (Tex. App.—Fort Worth 2023, no pet.) (release of accused murderer creates generalized safety concern, but scant evidence of actual threat does not support $1,000,000.00 bail). However, no evidence was adduced at the hearing to show a particular threat to the community or law enforcement if Appellant was released.[4] A defendant's criminal history can suggest that the defendant would be a danger to the public if released on bail, but in this case, the record shows that (1) the majority of Appellant's prior convictions are more than twenty years old, and (2) none of his prior convictions were for violent offenses. *See* **Ex parte Hanson**, No. 02-22-00045-CR, 2022 WL 1496533, at *4 (Tex. App.—Fort Worth May 12, 2022, no pet.) (mem. op., not designated for publication). On this record, this factor does not weigh substantially for or against a high bail amount.

*Financial Resources and Ability to Make Bail*

To show the inability to make bail, a defendant must show that his funds and his family's funds have been exhausted. **Ex parte Reyes-Martinez**, 653 S.W.3d 273, 281 (Tex. App.—Austin 2022, no pet.). Unless he does so, he must usually show that he made an unsuccessful effort to furnish bail before bail can be determined to be excessive. *Id.* (citing **Milner v. State**, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.)). But when the uncontradicted evidence demonstrates the defendant's financial inability to make the bail, we will not require him to do a "useless thing." **Hanson**, 2022 WL 1496533, at *6. Nonetheless, "[t]his factor will not favor bond reduction … when the defendant makes vague references to inability to make bond without detailing his specific assets and financial resources." *Id.* (citing **Cooley v. State**, 232 S.W.3d 228, 236 (Tex. App.—Houston [1st Dist.] 2007, no pet.)).

The length of Appellant's incarceration since his arrest in August 2023 implies that he cannot pay the bond imposed by the trial court, and at the hearing, the State's counsel stipulated to Appellant's inability to pay. However, Appellant presented almost no evidence regarding his or his family's financial resources. Taylor's testimony pertaining to this factor was only that Appellant owns no assets or property that he could sell to raise money to make bail. Taylor did not testify regarding the amount of money available to Appellant or specify any bond amount that Appellant *could* afford.[5] Moreover, Appellant presented no testimonial or documentary

---

[4] The safety of the victim is also a factor; however, in this case, the victim is deceased.

[5] On appeal, Appellant requests that we either grant a "PR bond with conditions" or reduce his bond amount to $50,000.00.

evidence regarding any attempts by himself, Taylor, or any other person to raise money, employ a bail bond company, or otherwise furnish bail. The lack of specific and detailed evidence about Appellant's financial circumstances, or those of his family, weighs against a reduction of his bond amount. *See Reyes-Martinez*, 653 S.W.3d at 282; *Castellanos*, 420 S.W.3d at 883.

*Remaining **Rubac** Factors*

Appellant has lived in Smith County his whole life and has family ties to the area. Although Taylor did not *expressly* state where Appellant would live if released, her testimony implied that he would stay with her, and she averred that she would work to help him comply with any bond conditions. These factors weigh in Appellant's favor. *See **Ex parte Flores***, No. 12-21-00079-CR, 2021 WL 3922919, at *5 (Tex. App.—Tyler Sept. 1, 2021, no pet.) (mem. op., not designated for publication). Taylor also testified that Appellant was employed as a long-haul truck driver prior to his arrest but did not specify with whom he was employed or how long he worked for any particular employer, which does not necessarily demonstrate any additional community ties or substantiate the likelihood that Appellant would appear at trial. The record contains no evidence concerning other outstanding bonds or previous noncompliance with bond conditions. These factors similarly do not weigh strongly for or against a reduction of Appellant's bond amount.

**Analysis**

In seeking a bond reduction, it is the defendant's burden to show that the amount of bail is excessive and outside the zone of reasonable disagreement. *See **Rubac***, 611 S.W.2d at 849; ***Ex parte Kienlen***, No. 02-22-00154-CR, 2022 WL 15053326, at *10 (Tex. App.—Fort Worth Oct. 27, 2022, no pet.) (mem. op., not designated for publication). Although the bail amount in this case is substantial, under the facts presented, Appellant failed to carry his burden.

As aforementioned, Appellant provided no evidence about the amount or exhaustion of his or his family's specific assets or financial resources, nor does the record contain any testimonial or documentary evidence of what efforts, if any, were made to furnish bail in the amounts set by the trial court, or any evidence suggesting that such attempts would be useless. *See **Kienlen***, 2022 WL 15053326, at *10; ***Ex parte Lucas***, No. 06-20-00127-CR, 2021 WL 1181202, at *4 (Tex. App.—Texarkana Mar. 30, 2021, no pet.) (mem. op., not designated for publication) (citing defendant's "failure to demonstrate specific, unsuccessful attempts to post bond" in upholding $1,000,000.00 bail amount in murder case). Further, a defendant's inability

to pay the bail amount set by the trial court does not by itself render the bail amount excessive and given the lack of detail in the evidence presented regarding Appellant's claimed inability to make bail, the trial court could have concluded that the amount of bail set by it was reasonable. *See **Rodriguez***, 595 S.W.2d at 550; ***Ex parte Goodson***, No. 01-15-00288-CR, 2015 WL 1868771, at *4 (Tex. App.—Houston [1st Dist.] Apr. 21, 2015, no pet.) (mem. op., not designated for publication) (defendant did not present any documentary evidence of his assets or financial resources and because of "the dearth of evidence presented by [defendant] regarding his finances," trial court could have concluded that bail amount was reasonable). Moreover, other factors, namely the nature of Appellant's alleged crime and the potential life sentence that crime carries, both support setting a high bail amount to ensure Appellant's presence at trial. *See **Ex parte Nimnicht***, 467 S.W.3d 64, 67 (Tex. App.—San Antonio 2015, no pet.) ("When determining reasonable bail, a trial court shall give the most weight to the nature of the offense and the length of the possible sentence.") (citing ***Rubac***, 611 S.W.2d at 849).

Case law is of somewhat limited utility in addressing the issue of the appropriate amount of bail "because appellate decisions on bail matters are often brief and avoid extended discussions, and because the 'cases are so individualized that generalization from results reached in others is difficult.'" ***Ramirez-Hernandez***, 642 S.W.3d at 921 (quoting ***Ex parte Beard***, 92 S.W.3d 566, 571 (Tex. App.—Austin 2002, pet. ref'd)). However, a review of other cases may still be instructive. *See **Ex parte Youngker***, No. 12-22-00298-CR, 2023 WL 2298758, at *5 (Tex. App.—Tyler Feb. 28, 2023, no pet.) (mem. op., not designated for publication). While a $1,000,000.00 bond may be substantial, we note that several intermediate appellate courts in Texas have upheld this bail amount for defendants charged with the offenses of murder and capital murder.[6]

After reviewing the record in the light most favorable to the trial court's ruling, and considering the factors set forth in Article 17.15 and ***Rubac***, we conclude that the trial court did

---

[6] *See, e.g.*, ***Ex parte Barrera***, No. 11-21-00131-CR, 2021 WL 5934626, at *3 (Tex. App.—Eastland Dec. 16, 2021) (mem. op., not designated for publication); ***Ex parte Moreno***, No. 01-20-00312-CR, 2021 WL 4733239, at *13 (Tex. App.—Houston [1st Dist.] Oct. 12, 2021, no pet.) (mem. op., not designated for publication); ***Ex parte Lucas***, No. 06-20-00127-CR, 2021 WL 1181202, at *4 (Tex. App.—Texarkana Mar. 30, 2021, no pet.) (mem. op., not designated for publication); ***Ex parte Temple***, 595 S.W.3d 825, 830–31 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd); ***Ex parte Brossett***, 524 S.W.3d 273, 277 (Tex. App.—Waco 2016, pet. ref'd) (citing ***Ex parte Lewis***, No. 10–13–00448–CR, 2014 WL 2810629, at *2 (Tex. App.—Waco June 19, 2014, pet. ref'd) (mem. op., not designated for publication)).

not abuse its discretion in denying Appellant's request for pre-trial bond reduction. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order denying habeas relief.

<u>**GREG NEELEY**</u>
Justice

Opinion delivered July 10, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 10, 2024**

**NO. 12-24-00089-CR**

**EX PARTE: ANTHONY LEE TAYLOR,**

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-2139-23)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*