**Ex parte Quintin KERNAHAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1052–82.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 28, 1983.

Walter M. Holcombe, Pecos, for appellant.

Mike Wade, Dist. Atty., Monahans, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

This case is before us on the State's petition for discretionary review. The El Paso Court of Appeals, 643 S.W.2d 210, granted relief to appellant who had appealed the trial court denial of his application for writ of habeas corpus based upon Article 17.151, V.A.C.C.P. For the reasons stated herein, we will affirm the judgment of the Court of Appeals.

Kernahan was arrested on June 23, 1982, based upon a complaint that he committed felony theft of services over $200.00 in value. An indictment was not returned until September 24, 1982. This indictment was quashed by the trial court, sua sponte, at a bail reduction hearing on September 27, 1982.

At this hearing, Kernahan asserted that, because no indictment had been returned by the grand jury until ninety-four days after the action commenced, Article 17.151, supra, provided that he must be released on personal bond or by reducing the amount of bail. Said Article states:

"Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

"(1) 90 days from the commencement of his detention if he is accused of a felony;"

The trial court did not order release, but after hearing testimony from the district attorney concerning the State's readiness for trial, reduced the bail amount from $5,000.00 to $2,500.00. The district attorney testified that the State at, all times had been ready for trial, that all of the witnesses were available from the very date of arrest, and that the only postponement in seeking an indictment was the result of mutual negotiations in good faith that Kernahan "might be able to obtain restitution and save indictment and prosecution."

After the hearing, but on the same day, the district attorney filed an ineffective handwritten felony information as authority for the continued pretrial detention of the accused. The grand jury's eventual return of another indictment was still within the 120-day time period of the Texas Speedy Trial Act, Article 32A.02, V.A.C.C.P. Kernahan appealed the denial of his writ and continued detention.

That portion of the Court of Appeals' decision addressing the State's readiness for trial, holding that "the State cannot be ready for trial in the absence of a *valid* charging instrument," has been overruled by our decision in *Ward v. State*, 659 S.W.2d 643 (Tex.Cr.App.1983). In *Ward*, we held:

"A defective indictment or information is ... treated in much the same manner

as other causes for trial delay. Thus the nature of the defect and the length of reasonableness of delay are to be weighed in determining whether or not the State is indeed not prepared for trial."

■ Readiness in this case should have been determined in accord with our decision in *Pate v. State*, 592 S.W.2d 620 (Tex.Cr. App.1980), that the existence of a charging instrument is an element of State preparedness. In *Pate*, the State could not have been ready within the 120-day time period of the Speedy Trial Act because there was *no* indictment or felony information upon which the State could have announced ready. Here, too, it is undisputed that even the defective indictment was not returned until the ninety-fourth day of pretrial detention. Hence, the State was not ready under Article 17.151, supra, notwithstanding that it may have been ready for speedy trial purposes under Article 32A.02, supra. Moreover, because the terms of Article 17.-151 are mandatory, the Court of Appeals properly pointed out that preindictment restitutionary negotiations are not a proper justification for tolling its time limitations. Although "companion statutes", Articles 32A.02 and 17.151 are to be read in accordance with the differing rights to a speedy trial embodied in one, and to release from pretrial detainment in the other.

■ The Court of Appeals correctly granted relief from pretrial detention per the terms of Article 17.151, supra. The requirement that the detainee "be released ... by reducing the amount of bail means that bail must be reduced to an amount the detainee can afford to pay." See Attorney General Opinion No. H–1130 (1978). The record reveals that Kernahan had not one cent available to him in jail, no relatives from whom to seek assistance in raising funds for a surety bond in any amount and did not know where to contact the party who had possession of his lone asset—a pickup truck. Clearly, he could no more secure his own release with bail set at $2,500.00 than when originally set at $5,000.00, ninety-four days before.

The judgment of the Court of Appeals is affirmed and the trial court is hereby ordered to release appellant on personal bond pursuant to Article 17.151, supra.