COURT OF 
APPEALS
                                                 
SECOND DISTRICT OF TEXAS
                                                                
FORT WORTH
 
 
                                       
NOS. 2-09-244-CR
                                       
      
2-09-245-CR
 
 
EX PARTE 
JEREMIAH CRAFT
 
 
                                              
------------
 
              
FROM THE 90TH DISTRICT COURT OF YOUNG 
COUNTY
 
                                              
------------
 
                   
MEMORANDUM OPINION ON 
REHEARING[1]
 
                                              
------------
After 
reviewing appellant=s 
AMotion 
for Rehearing and Motion for En Banc Reconsideration,@ we 
grant the motion for rehearing, withdraw our September 3, 2009 opinion and 
judgment, and substitute the following.
Appellant 
Jeremiah Craft appeals the trial court=s 
denial of his request for relief on habeas corpus.[2]  We reverse and remand for further 
proceedings consistent with this opinion.

On 
June 15, 2009, appellant applied to the trial court for a writ of habeas corpus, 
seeking pretrial release on the grounds that the State was not ready for trial 
within ninety days from Athe 
commencement of his detention,@ as 
required by article 17.151 of the Texas Code of Criminal Procedure.[3]  The trial court granted the writ and 
ordered a hearing.  At the hearing, 
evidence was admitted that showed appellant had been arrested on January 15, 
2009, on a misdemeanor drug charge.  
On February 5, 2009, while appellant was in jail pending trial on the 
misdemeanor charge, the district attorney filed two felony informations alleging 
appellant had committed murder and sexual assault of a child without obtaining a 
waiver from appellant of his right to be charged by grand jury indictment.[4]

On May 
15, 2009, the grand jury indictments for the felony charges were returned.  Thirty-three days later, on June 17, 
2009, the State filed its announcement of ready asserting that it had been 
ready, Aat 
least since the indictment[s were] returned.@  Witnesses for the State, however, 
testified that the district attorney=s 
office had been ready for trial since the date of appellant=s 
arrest on the murder and sexual assault charges.
Based 
on these facts, appellant argued that because he had not waived his right to be 
charged by a grand jury indictment when the informations were filed, the trial 
court=s 
jurisdiction was not invoked and the State could not be ready for trial.  The State argued that the filing of the 
information with or without waiver of indictment was sufficient to invoke the 
trial court=s 
jurisdiction for the purpose of proceeding to trial when the State announced it 
was ready.  The trial court denied 
relief. 
We 
review a trial court=s 
decision to deny relief on a claim that the State violated article 17.151 for an 
abuse of discretion.[5]  In reviewing the trial court=s 
decision, we view the evidence in the light most favorable to the ruling.[6]

The 
Texas Constitution requires that, unless waived by the defendant, the State must 
obtain a grand jury indictment in a felony case.[7]  Absent an indictment or valid waiver, a 
district court does not have jurisdiction over that case.[8]
The 
State presented some evidence at the hearing to show its readiness within the 
ninety days of the filing of the informations on February 5, 2009.  However, without an indictment or waiver 
the trial court never acquired jurisdiction to try the case, and, therefore, the 
State could not have been ready to try a case within the ninety days required by 
article 17.151.[9]  We sustain appellant=s 
point.

The 
grand jury returned indictments against appellant on May 15, 2009.  Because the State did not satisfy the 
requirements of article 17.151 by announcing ready ninety days Afrom 
the commencement of [appellant=s] 
detention@ on 
February 5, 2009, however, its announcement of ready on June 17, 2009, does not 
comply with the statute.  The trial 
court, therefore, has two options:  
release appellant on personal bond, or release him by reducing the amount 
of bail required to an amount that he can afford to pay.[10]  Accordingly, we reverse the trial 
court=s 
order denying habeas relief and remand this case to the trial court for further 
proceedings, including releasing appellant on personal bond or by reducing the 
amount of bail required.
 
PER 
CURIAM
PANEL:  CAYCE, C.J.; MCCOY and MEIER, 
JJ.
PUBLISH
 
DELIVERED:  November 24, 
2009




[1]See Tex. R. App. P. 
47.4.

[2]See Tex. R. App. P. 
31.

[3]Article 17.151, 
ARelease Because of 
Delay,@ provides, in pertinent 
part:
 
Sec. 1. A defendant who 
is detained in jail pending trial of an accusation against him must be released 
either on personal bond or by reducing the amount of bail required, if the state 
is not ready for trial of the criminal action for which he is being detained 
within:
 
(1) 90 days from the 
commencement of his detention if he is accused of a felony. . . . 

 
Tex. Code Crim. Proc. 
Ann. art. 17.151 (Vernon Supp. 2009).

[4]See Tex. Const. art. I, 
' 10; Tex. Code Crim. 
Proc. Ann. art. 1.141 (Vernon 2005); Teal v. State, 230 S.W.3d 172, 
174B75 (Tex. Crim. App. 
2007).

[5]Ex parte 
Karlson, 
282 S.W.3d 118, 127B28 (Tex. App.CFort Worth 2009, pet. 
ref=d); see Jones v. 
State, 803 S.W.2d 712, 719 (Tex. Crim. App. 
1991).

[6]Karlson, 282 S.W.3d at 
127B28; Ex parte 
Bruce, 112 S.W.3d 635, 639 (Tex. App.CFort Worth 2003, pet. 
dism=d); see Ex 
parte Amezquita, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006); Ex parte 
Okere, 56 S.W.3d 846, 854 (Tex. App.CFort Worth 2001, pet. 
ref=d).

[7]Tex. Const. art. I, 
' 10; Teal, 230 
S.W.3d at 174; Duron v. State, 956 S.W.2d 547, 550 (Tex. Crim. 
App. 1997); see also Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 2005) 
(ANo person shall be held 
to answer for a felony unless on indictment of a grand jury.@).

[8]Teal, 230 S.W.3d at 
174B75; Cook v. State, 
902 S.W.2d 471, 475B76 (Tex. Crim. App. 
1995).

[9]See Ward v. 
State, 
659 S.W.2d 643, 646 (Tex. Crim. App. 1983); Kernahan v. State, 657 S.W.2d 
433, 434 (Tex. Crim. App. 1983); Pate v. State, 592 S.W.2d 620, 621 (Tex. 
Crim. App. 1980).

[10]Tex. Code Crim. Proc. 
Ann. art. 17.151; see Rowe v. State, 853 S.W.2d 581, 582 (Tex. 
Crim. App. 1993); Kernahan, 657 S.W.2d at 434; Ex parte McNeil, 
772 S.W.2d 488, 489 (Tex. App.CHouston [1st Dist.] 1989, 
no pet.).  Bond was set at one 
million dollars for each of the two 
offenses.