**REVERSED AND REMANDED and Opinion Filed December 29, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01150-CR

### EX PARTE DUSTIN CALHOUN

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX16-90021-V**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Brown
Opinion by Chief Justice Wright

Dustin Calhoun appeals the trial court's order denying relief on his pretrial application for writ of habeas corpus in which he asserted his right to either release on a personal recognizance bond or else a bail reduction. In a single issue, appellant contends he is entitled to release because no indictment was returned within ninety days of his arrest. The State concedes appellant is entitled to relief. We conclude the trial court abused its discretion in denying relief and thus reverse and remand this case. We **DIRECT** the Clerk of the Court to issue the mandate immediately in order to expedite this decision. *See* TEX. R. APP. P. 2, 18.6; *Ex parte Carson*, 215 S.W.3d 921, 924 (Tex. App.—Texarkana 2007, no pet.).

### BACKGROUND

On June 21, 2016, appellant was arrested after he and a group of associates allegedly beat and robbed the complainant in a parking lot. The trial court set his pretrial bail at $25,000.

Appellant was unable to post bond and remained confined. On September 9, 2016, the trial court heard testimony and argument to reduce appellant's bail to $15,000. The trial court denied relief.

On September 20, 2016, appellant filed a pretrial application for writ of habeas corpus contending that his pretrial bail was excessive, he had been held for a period in excess of ninety days, he had not been indicted, and the State was not ready for trial. Forty-seven minutes after appellant filed his motion, the grand jury filed an indictment charging appellant with aggravated assault with a deadly weapon.

On September 21, 2016, the trial court held a hearing on appellant's writ application. The trial court noted on the record, and the parties agreed, that the writ application and the indictment had both been filed on the ninety-first day of appellant's confinement. Nevertheless, the trial court denied relief on the writ application.

## STANDARD OF REVIEW

An applicant for habeas corpus relief must prove the applicant's claims by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Id*. This deferential review applies even if the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).

## ANALYSIS

Subject to a few exceptions, article 17.151, § (1)(1) of the code of criminal procedure provides:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
>
> (1) 90 days from the commencement of his detention if he is accused of a felony.

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West 2015). The terms of article 17.151 are mandatory. *Ex parte Kernahan*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983). When article 17.151 is triggered, "the accused *must be released* either on personal bond or by reducing the amount of bail required. If the court chooses to reduce the amount of bail required, it must reduce bail required to an amount that the record reflects an accused can make in order to effectuate release." *Rowe v. State*, 853 S.W.2d 581, 582 n.1 (Tex. Crim. App. 1993) (emphasis in original). The trial court may not deny relief based upon outside factors and deficiencies in the record that are irrelevant to an article 17.151 evaluation such as the nature of the offense, the accused's criminal record, or an evaluation of whether the accused presents a continuing danger to the community. *See Ex parte Gill*, 413 S.W.3d 425, 431 (Tex. Crim. App. 2013). Because an indictment is an element of State preparedness, when the State fails to indict an accused within the ninety-day window established by the statute, the State could not be ready for trial as a matter of law. *See Kernahan*, 657 S.W.2d at 434; *Ex parte Castellano*, 321 S.W.3d 760, 762 (Tex. App.—Fort Worth 2010, no pet.).

In this case, the State concedes it was not ready for trial and appellant has been held for over ninety days. Thus, the application of article 17.151 is mandatory. *Kernahan*, 657 S.W.2d at 434. Appellant should have been either released on a personal bond or else had his pretrial bail reduced to an amount he could afford to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151,

§ 1(1).  The trial court did neither and thus abused its discretion.  *See Gill*, 413 S.W.3d at 431; *Rowe*, 853 S.W.2d at 582 n. 1; *Kernahan*, 657 S.W.2d at 434.  We grant appellant's sole issue on appeal.

We reverse the trial court's order denying relief on appellant's application for writ of habeas corpus.  We remand this case to the trial court with instructions to either release appellant on a personal bond or reduce the amount of bail required to an amount that the record reflects appellant can make in order to effectuate his release from custody pending trial.  As we have ordered hereinabove, the mandate shall issue immediately.

<div style="margin-left: 50%;">

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

</div>

Do Not Publish
TEX. R. APP. P. 47
161150F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

EX PARTE DUSTIN CALHOUN

No. 05-16-01150-CR

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. WX16-90021-V.
Opinion delivered by Chief Justice Wright.
Justices Myers and Brown participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered December 29, 2016.