# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00494-CR

### Ex parte Randle Jackson, III

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 78084, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Randle Jackson, III appeals the trial court's denial of his application for writ of habeas corpus seeking release from pretrial confinement due to delay. *See* Tex. Code Crim. Proc. arts. 11.08, 17.151. We affirm the trial court's order denying habeas relief.

## BACKGROUND[1]

The record reflects that appellant was arrested on September 21, 2017, for aggravated assault on a public servant, a first degree felony. *See* Tex. Penal Code § 22.02(a)(2), (b)(2)(B). He was arraigned by a magistrate, and his bail was set at $350,000.[2]

---

[1] The facts recited are taken from documents contained in the clerk's record.

[2] The record also reflects that, on the same date, appellant was arrested for two additional counts of aggravated assault on a public servant, *see* Tex. Penal Code § 22.02(a)(2), (b)(2)(B), and one count of unlawful possession of a firearm by a felon, *see id.* § 46.04. The record indicates that all four charges arise out of the same incident. Appellant's bail was set at $350,000 for each of the two additional aggravated-assault offenses and at $100,000 for the weapon-possession offense. Only appellant's pretrial confinement on the aggravated assault on a public servant charged in this case, trial court cause number 78084, is the subject of this appeal.

On September 25, 2017, appellant was found to be indigent, and an attorney was appointed to represent him.[3] Six weeks later, on November 9, 2017, appellant filed a pro se motion to "withdraw" his court-appointed attorney, indicating that he wished to represent himself. Also on that date, appellant filed a pro se *Motion to Reduce Bond*, asserting that his total bail in the amount of $1,150,000 was excessive.

On December 6, 2017, the grand jury returned an indictment in this case, charging appellant with aggravated assault against a public servant.[4] *See id.* The indictment alleged that appellant

> did then and there intentionally and knowingly threaten Milton Parker with imminent bodily injury by firing a handgun at or in the direction of Milton Parker, and did then and there use or exhibit a deadly weapon, to-wit: a handgun, during the commission of said assault, and [appellant] did then and there know that the said Milton Parker was then and there a public servant, to-wit: a police officer, and that the said Milton Parker was then and there lawfully discharging an official duty, to-wit: attempting to detain [appellant.]

Appellant was served with a copy of the indictment the following day.

On March 8, 2018, appellant filed a second motion to "dismiss or withdraw" his court-appointed attorney as well as a *Motion for Leave of Court to Proceed Pro Se*.

On April 30, 2018, appellant filed a pro se application for writ of habeas corpus seeking relief under article 17.151 of the Texas Code of Criminal Procedure, asserting that he was

---

[3] The record reflects that the attorney appointed to represent appellant on the charge in this case was appointed to represent appellant on all four charges for which he was arrested on September 21, 2017.

[4] The record does not indicate whether, on that same date, indictments were returned against appellant for the other charges for which he was arrested.

2

entitled to have his bond reduced to an amount that he could afford because he had been detained on felony charges more than 90 days and the State was not ready for trial. *See* Tex. Code Crim. Proc. art. 17.151, § 1(1).

On July 2, 2018, appellant filed a *Motion for Self Representation*, again asking to be allowed to represent himself. The trial court conducted a *Faretta* hearing on July 11, 2018. *See Faretta v. California*, 422 U.S. 806, 835–36 (1975) (recognizing that criminal defendant has constitutional right to represent himself at trial, but holding that record must reflect knowing and intelligent election to proceed without counsel after being made aware of dangers and disadvantages of self-representation). The court granted appellant's motion, releasing the attorney previously appointed by the court, permitting appellant to proceed pro se, and appointing a different attorney to act as stand-by counsel.

On July 17, 2018, the trial court conducted a hearing on appellant's pro se application for writ of habeas corpus as well as his pro se motion for bond reduction. Appellant called two witnesses on his behalf to establish that he could not afford to make bail in the amount of $1,150,000 but could afford bail set at "a reasonable amount." Appellant also asked his witnesses if they could assure the court that he would appear in court for all court proceedings and questioned them about whether he posed a threat to the community. At the conclusion of the hearing, the trial court denied appellant's article 17.151 application for writ of habeas corpus but reduced the bond amounts for each of the charges of aggravated assault against a public servant to $100,000.[5]

---

[5] The court did not reduce the bond amount for the felon in possession of a firearm, which remained at $100,000.

3

Appellant filed a notice of appeal of the trial court's denial of his pretrial habeas application.[6] However, no written order appeared in the appellate record, so this Court abated the appeal in order for the trial court to enter a written order concerning its ruling on the habeas application.[7] *See Ex parte Jackson*, No. 03-18-00494-CR, 2018 WL 4517248, at *1 (Tex. App.—Austin Sept. 21, 2018, no pet.) (order & mem. op., not designated for publication) (per curiam). In response to the abatement order, the trial court entered two written orders: one denying appellant's application for writ of habeas corpus; the other granting appellant's motion to reduce bond and reducing the bond to $100,000.[8]

In two points of error, appellant challenges the trial court's denial of his habeas application.

## STANDARD OF REVIEW

We review a trial court's decision to deny relief on a claim that the trial court violated article 17.151 of the Code of Criminal Procedure for an abuse of discretion. *Ex parte Jackson*, No. 03-17-00301-CR, 2018 WL 1598919, at *2 (Tex. App.—Austin Apr. 3, 2018, no pet.) (mem. op., not designated for publication); *Ex parte Castellano*, 321 S.W.3d 760, 762 (Tex. App.—Fort Worth 2010, no pet.); *Ex parte Jagneaux*, 315 S.W.3d 155, 157 (Tex. App.—Beaumont 2010, no pet.); *see Ex parte Gill*, 413 S.W.3d 425, 431 (Tex. Crim. App. 2013); *Jones v. State*, 803 S.W.2d 712,

---

[6] The only cause number referenced in the notice of appeal is trial court cause number 78084.

[7] Initially, it was unclear whether appellant was appealing the trial court's order denying his application for writ of habeas corpus or attempting to appeal its order ruling on appellant's motion to reduce bond.

[8] The only cause number referenced in the written orders is trial court cause number 78084.

719 (Tex. Crim. App. 1991). We review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Jackson*, 2018 WL 1598919, at *2; *Ex parte McVade*, No. 03-17-00207-CR, 2017 WL 4348151, at *2 (Tex. App.—Austin Sept. 28, 2017, no pet.) (mem. op., not designated for publication); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). An abuse of discretion does not occur unless the trial court acts "arbitrarily or unreasonably" or "without reference to any guiding rules and principles," *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)), or unless the trial court's decision "falls outside the zone of reasonable disagreement," *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016); *see Castellano*, 321 S.W.3d at 762 (appellate court will not disturb trial court's decision to deny relief on claim of article 17.151 violation if ruling was within zone of reasonable disagreement).

## DISCUSSION

In his first point of error, appellant argues that the trial court erred in denying his habeas application because, according to appellant, he "presented to the Court that the State was not ready for trial by and before December 21, 2017, because it did not have the material that was needed to proceed."

Under article 17.151 of the Texas Code of Criminal Procedure, a defendant who is detained in jail for more than 90 days pending trial on a felony accusation must be released either on personal bond or a reduced amount of bail if the State is not ready for trial of the criminal

5

action for which he is being detained. Tex. Code Crim. Proc. art. 17.151, § 1(1); *Rowe v. State*, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993). Under the statute, the State bears the initial burden to make a prima facie showing that it was ready for trial within the applicable time period. *Ex parte Smith*, 486 S.W.3d 62, 65 (Tex. App.—Texarkana 2016, no pet.); *Ex parte Ragston*, 422 S.W.3d 904, 906–07 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see Jones*, 803 S.W.2d at 717. The State may satisfy this burden either by announcing within the allotted time that it is ready, or by announcing after the fact that it had been ready within the allotted time. *Smith*, 486 S.W.3d at 65; *Ragston*, 422 S.W.3d at 907; *see Jones*, 803 S.W.2d at 717.

The concept of the State's readiness for trial refers to the prosecution's preparedness for trial, not whether trial could have actually begun at that time. *Ragston*, 422 S.W.3d at 907; *see Smith*, 486 S.W.3d at 65; *see also Behrend v. State*, 729 S.W.2d 717, 720 (Tex. Crim. App. 1987); *Santibanez v. State*, 717 S.W.2d 326, 329 (Tex. Crim. App. 1986). "The State cannot announce ready for trial when there is no indictment." *Castellano*, 321 S.W.3d at 763. For that reason, "the existence of a charging instrument is an element of State preparedness." *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983); *see McClellan v. State*, 701 S.W.2d 671, 675 (Tex. App.—Austin 1985), *aff'd*, 742 S.W.2d 655 (Tex. Crim. App. 1987).

The indictment charging appellant with the instant aggravated assault on a public servant was returned on December 6, 2017—76 days after appellant's arrest for that charge. Thus, the indictment reflects "an element of [the State's] preparedness" in this case during the relevant statutory time period—within 90 days from the commencement of appellant's detention that began with his arrest for this offense.

Appellant asserts that the State "never disputed" his claim that it was not ready for trial. However, at the hearing, the prosecutor referred the trial court to the clerk's file and stated,

> This is not a 90-day situation. This case was indicted on December 6th, well within 90 days of the date of the offense and the date of arrest. The defense in this case asked for more time on the first trial setting to spend more time with the discovery. That was taken [sic] place. At this point we will have to start the discovery process over following the statute to give the pro se defendant opportunity to review the discovery.

While the prosecutor did not use the word "ready" when addressing the court, viewing the facts in the light most favorable to the trial court's ruling, the prosecutor's comments communicated to the court that the State had been ready for trial within the 90-day statutory time period. The prosecutor's comment that this was "not a 90-day situation" in combination with his reference to the date of indictment "well within 90 days" could be construed as conveying that the State was ready for trial within the statutory time period—particularly given that, in the comments that immediately followed, the prosecutor explained why, despite the fact that appellant had been indicted within the 90-day period, the trial had not occurred. Based on the existence of the indictment and the State's comments, the trial court could have concluded that the State met its initial burden to show that it was ready for trial during the applicable 90-day time period.

Once the State has made a prima facie showing of readiness, the burden shifts to the defendant to show otherwise. *See Jones*, 803 S.W.2d at 717–18; *Barfield v. State*, 586 S.W.2d 538, 542 (Tex. Crim. App. 1979); *Jackson*, 2018 WL 1598919, at *3; *Ex parte Chachere*, No. 03-01-0404-CR, 2002 WL 99642, at *1 (Tex. App.—Austin Jan. 25, 2002, no pet.) (mem. op.,

not designated for publication). Appellant did nothing at the hearing to rebut the State's prima facie showing that it was ready for trial.

In his brief, appellant avers that the State was not ready "because it did not have the material that was needed to proceed." No evidence in the record before us, however, supports this claim. "Evidence that rebuts a prima facie showing of readiness 'may consist of, among other things, a demonstration that the state did not have a key witness or piece of evidence available by the last day of the applicable time limit so that the state was not ready for trial within that time limit.'" *Jones*, 803 S.W.2d at 718 (quoting *Barfield*, 586 S.W.2d at 542); *accord Behrend*, 729 S.W.2d at 720. "No bright line rule has emerged concerning just how much or what type of evidence the State must have available for trial in order to be prepared for trial." *Ex parte Jenkins*, No. 10-13-00030-CR, 2013 WL 2128314, at *1 (Tex. App.—Waco May 16, 2013, pet. ref'd) (mem. op., not designated for publication) (quoting *Behrend*, 729 S.W.2d at 720); *accord Jackson*, 2018 WL 1598919, at *3. While appellant made this same assertion—that "the State was not ready for trial and did not have the material needed"—at the hearing, he failed to specify or identify any particular evidence that was not available to the State, let alone demonstrate that it was "key evidence" without which the State could not have been ready for trial.

Appellant claims that, at the *Faretta* hearing on July 11, 2018, the State "admitted to the court that it was not ready within the time frame prescribed under [article] 17.151." However, a record of that hearing is not included in the record of this appeal. Moreover, appellant failed to present that purported admission of non-readiness to the trial court at the hearing on his habeas application to rebut the State's prima facie showing of readiness.

8

The record before us supports the trial court's implied conclusion that the State met its initial burden of a prima facie showing of readiness by demonstrating the existence of an indictment and communicating after the fact, through the prosecutor's comments at the hearing, that the State was ready for trial "well within 90 days." *See Jones*, 803 S.W.2d at 717–18; *Jackson*, 2018 WL 1598919, at *4. In addition, the record supports the trial court's further implied conclusion that appellant did not rebut this showing. As noted previously, appellant made no showing—through the presentation of evidence—that the State "did not have the material that was needed to proceed," that any unavailable evidence was so vital that the State was not ready for trial without it, or that the State had previously indicated that it was not ready for trial during the relevant time period. *See, e.g.*, *Ex parte Brosky*, 863 S.W.2d 775, 778 (Tex. App.—Fort Worth 1993, no pet.) ("In the absence of a sufficient rebuttal, the trial court has the discretion to find the State was timely ready for trial.").

After reviewing the record—applying the appropriately deferential standard of review and viewing the facts in the light most favorable to the trial court's ruling—we conclude that the trial court did not abuse its discretion by denying appellant's application for writ of habeas corpus based on his claim that the State was not ready for trial within the statutory time period because "it did not have the material that was needed to proceed." We overrule appellant's first point of error.

In his second point of error, appellant contends that the trial court "erred in considering Article 17.15 factors in [an] Article 17.151 proceeding." *See* Tex. Code Crim. Proc. art. 17.15 (setting forth criteria that courts must apply and instructing on factors to consider when

9

setting bail).[9] Appellant complains that, at the hearing, the State "continuously ke[pt] trying to get the trial court to deny appellant 17.151 relief based on the nature of the offense and circumstances under which it was committed," which, he maintains, was not appropriate for, nor relevant to, his article 17.151 delay claim.

However, the record reflects that this was not simply "an Article 17.151 proceeding." The record demonstrates that the trial court conducted the hearing on both appellant's application

---

[9] Specifically, article 17.15 of the Code of Criminal Procedure, entitled "Rules for fixing amount of bail," provides:

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15. In addition to the factors mentioned in article 17.15, the Court of Criminal Appeals has articulated additional factors to be considered: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981).

for writ of habeas corpus as well as appellant's motion for bond reduction. At the end of the hearing, the trial court ruled on each request separately. The trial court subsequently entered separate written orders. The evidence relating to the article 17.15 factors was relevant to appellant's motion to reduce bond. Thus, the trial court did not err in considering those factors.

Moreover, the record reflects that it was appellant—not the State—who first presented evidence relating to the article 17.15 factors when, on direct examination, he asked his witnesses for their assurance to the court that he would appear for any court proceeding, *see id.* art. 17.15(1), questioned them about whether he could afford to make the bail in the amounts set, *see id.* art. 17.15(4), and inquired about whether he posed a threat to the community, *see id.* art. 17.15(5).

For the above reasons, we overrule appellant's second point of error.

**CONCLUSION**

Having concluded that the trial court did not abuse its discretion in denying appellant's pretrial application for writ of habeas corpus, we affirm the trial court's order denying habeas relief.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed: April 24, 2019

Do Not Publish