

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0243-21

### EX PARTE ALLEN CHRISTOPHER LANCLOS, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### HARDIN COUNTY

KEEL, J., delivered the opinion of the Court in which KELLER, P.J., and HERVEY, RICHARDSON, NEWELL, WALKER, and MCCLURE, JJ., joined. YEARY, J., filed a dissenting opinion. SLAUGHTER, J., concurred.

### O P I N I O N

Appellant was arrested on August 23, 2020, for assault on a public servant. The trial court set his bonds at a total of $2,250,000. Appellant could not post bonds in that amount and unsuccessfully sought their reduction. After he had been detained for 90 days without having been indicted, he filed an application for writ of habeas corpus under Code of Criminal Procedure Article 17.151 seeking reduction of the bonds to an amount he could afford or release on personal bond. *See* TEX. CODE CRIM. P. art. 17.151, § 1(1)

(a defendant who is detained in jail accused of a felony "must be released" on personal bond or by reducing the required amount of bail if the State is not ready for trial within 90 days). The habeas court then reduced the bonds to $1,500,000. Appellant appealed the habeas court's failure to reduce the bonds to an amount that he could afford, and the court of appeals affirmed the habeas court's order. *Ex parte Lanclos*, No. 09-20-00296-CR, 2021 Tex. App. LEXIS 1763, at *5 (Tex. App.— Beaumont March 10, 2021) (mem. op., not designated for publication).

We granted review to determine whether the court of appeals erred in denying the relief required by Article 17.151 Section 1. It did. Accordingly, we reverse the judgment of the court of appeals and remand the case to the habeas court for immediate further proceedings consistent with this opinion.

The court of appeals held that the habeas court did not abuse its discretion by reducing Appellant's bonds to $1,500,000 because Appellant did not present evidence about his financial resources other than his wife's affidavit saying they could not afford bonds of $2,250,000 and that the bail bond companies she had spoken to would not post bonds in that amount. *Ex parte Lanclos*, 2021 Tex. App. LEXIS 1763, at *4-5. The court of appeals said the habeas court could have reasonably concluded that evidence of Appellant's financial circumstances was inadequate, and the reduction of the bond amount to $1,500,000 was not an abuse of discretion. *Id.* at *5.

But Article 17.151 is mandatory; if the State is not ready for trial within 90 days of

the beginning of the defendant's detention, the defendant accused of a felony must be released on personal bond or by reducing the required bail amount. TEX. CODE CRIM. P. art. 17.151, § 1(1). Without an indictment, the State cannot be ready for trial under Article 17.151. *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983). Under those circumstances, the judge has only two options: either release the accused on personal bond or reduce the required bail amount. *Ex parte Gill*, 413 S.W.3d 425, 429 (Tex. Crim. App. 2013) (citing *Rowe v. State*, 853 S.W.2d 581 (Tex. Crim. App. 1993)). If the court chooses to reduce the amount of bail required, it must reduce it to an amount that the record reflects the accused can make. *Rowe*, 853 S.W.2d at 582 n.1; *see also Kernahan*, 657 S.W.2d at 434 (Article 17.151's requirement that the detainee be released by reducing the amount of bail means that bail must be reduced to an amount the detainee can afford to pay). The court of appeals erred in failing to require Appellant's release on bond that he could afford.

The State argues for dismissal of the appeal because Appellant's writ was not sworn to. *See* TEX. CODE CRIM. P. art. 11.14(5). But the State did not move to dismiss the writ in the trial court, and the lack of a sworn pleading does not require its dismissal at this late stage. *See Golden v. State*, 991 S.W.2d 859, 862 and n.2 (Tex. Crim. App. 1999).

The State also contends that Appellant received the relief he requested in the form of a reduced bond amount and that the court of appeals properly concluded that Appellant

did not meet his burden of showing his inability to make bail in the amount set. We rejected similar arguments in *Gill*. 413 S.W.3d at 431. Specifically, we held that the court of appeals relied on factors irrelevant to Article 17.151 like the lack of evidence about a defendant's income or how much bond another defendant could afford. *Gill*, 413 S.W.3d at 431. The court of appeals in *Gill* also erred in considering factors that did not support the denial of release under Article 17.151, such as previous reductions of bail amount by the court and the prior history of felonies by the appellants. *Gill*, 413 S.W.3d at 431. We concluded that the trial court abused its discretion in failing to release the defendants on personal bond or bond they could afford. *Id.*

The State argues that Article 17.151 has been suspended by executive order. *See* The Governor of the State of Tex., Exec. Order No. GA-13, March 29, 2020, 45 Tex. Reg. 2368, 2369 (2020). The executive order reads in relevant part: "Article 17.151 of the Texas Code of Criminal Procedure is hereby suspended to the extent necessary to prevent any person's automatic release on personal bond because the State is not ready for trial." The executive order suspends Article 17.151 only to the extent that it calls for releasing defendants on personal bond. It does not suspend Article 17.151's release of defendants on bonds they can afford.

The State also argues that Article 17.151's exception in Section 2(4) applies. *See* TEX. CODE CRIM. P. art. 17.151, § 2(4). The exception applies to a defendant who is "being detained for a violation of the conditions of a previous release related to the safety

of a victim of the alleged offense or to the safety of the community under this article." *Id.* The record does not support application of the exception. Nothing suggests that Appellant is being detained for violation of conditions of a previous release, much less for violating conditions of a previous release related to the safety of a victim of the alleged assault or related to the safety of the community. The State nevertheless invokes the exception on the basis of two statements in the record.

The first statement cited by the State was made at the original bond hearing, before 90 days had expired, in the context of outlining Appellant's criminal history. The prosecutor told the habeas court that misdemeanor charges were pending against Appellant and that Appellant was on community supervision. "So he's violated the conditions of his [community supervision] and the bonds associated with his release and things." The second statement cited by the State was made in the Article 17.151 hearing by Appellant's attorney who said that Appellant had "a couple of misdemeanors that are unrelated to the offense, but I think it's three offenses total. And it's the same conduct, just three different complainants."

For the sake of argument, looking at these statements in the light most favorable to the State's position, they show that Appellant was on bond for two or more misdemeanors and on community supervision for some other offense. But they do not show that Appellant's present detention had anything to do with a prior release. Even assuming that commission of a felony while on bond for an unrelated misdemeanor would invoke the

exception–a doubtful proposition–the record here does not substantiate the assault charges against Appellant. There is no complaint, warrant, description, or statement of probable cause for the accusation Appellant faced. Given that nothing in the record substantiates the assault charges, it is impossible to say that Appellant violated the conditions of any release due to those charges, so there is no basis for invoking the exception.

As for Appellant being on community supervision, Article 17.151 section 2(4)'s exception is invoked only by "a violation of the conditions of a previous release[.]" TEX. CODE CRIM. P. art. 17.151 § 2(4). It is not invoked by a violation of conditions of community supervision. Community supervision is not a release. Rather, it is the placement of a defendant under a continuum of programs and sanctions during a period of deferred criminal proceedings or in lieu of incarceration and/or fine. *See* TEX. CODE CRIM. P. art. 42A.001(1). Plus, a defendant can be placed on community supervision without being released from jail because he is already out of jail at the time of the placement or because he will stay in or return to jail as a condition of probation. *See* TEX. CODE CRIM. P. art. 42A.302.

The dissenting opinion objects to granting Appellant relief because the record is silent about what bond he could afford. But that's irrelevant. Article 17.151 does not condition a defendant's release on his proving how much bond he can afford. *See Gill*, 423 S.W.3d at 431. Rather, it mandates his release—either on personal bond or by

reducing the required bail amount—period. Anyway, the record is not silent on this point. The attorney and the first writ application suggested that Appellant could afford no more than $150,000, and at the Article 17.151 hearing the attorney told the habeas judge that Appellant had a job in the plants, at least he did before his incarceration. Additionally, the record shows what Appellant cannot afford—$1,500,000—because he never posted it.

The habeas court's only question was where is Appellant from, and hearing "Hardin County," the judge responded, "I don't guess I need to hear anything else from Mr. Lanclos, do I?" The attorney agreed "because the circumstances of 151 sort of make it different than needing to hear a bunch of evidence." The judge concurred. "I just need to come up with a number lower than what it is." But Article 17.151 requires more than coming up with a lower number. It mandates release. The habeas court abused its discretion in picking a number that frustrated Article 17.151's mandate to release Appellant.

Appellant was detained in jail on felony charges without indictment for more than 90 days. He was entitled to release under Article 17.151. Accordingly, we reverse the judgment of the court of appeals and remand the case to the habeas court for Appellant's bond to be set in an amount he can afford to pay. No motions for rehearing will be entertained.


Delivered: June 30, 2021

Publish