# NO. 12-21-00205-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 217TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *GERALD WAYNE HODGE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Gerald Wayne Hodge challenges the trial court's granting, in part, his pretrial application for a writ of habeas corpus. In a single issue, Appellant contends the trial court abused its discretion by failing to sufficiently reduce the amount of his bond. We reverse and remand.

## BACKGROUND

Appellant was arrested on July 23, 2021, for aggravated sexual assault of a child. The trial court set his bond at $75,000. Appellant could not post bond in that amount. Appellant filed an affidavit of indigency and was appointed counsel. After being detained for ninety days without having been indicted, Appellant filed an application for writ of habeas corpus under Article 17.151 of the Texas Code of Criminal Procedure seeking reduction of the bond to an amount that he could afford or release on personal bond. The trial court agreed to release Appellant on a personal bond with a number of conditions, including installation of a GPS monitoring device. Appellant agreed with the conditions, but claimed that he could not afford the installation fee or the fee associated with the GPS monitoring system. Nevertheless, the trial court granted partial relief by ordering Appellant released on a personal bond, with conditions, including the GPS monitoring system. This appeal followed.

<u>**BOND REDUCTION**</u>

In his sole issue, Appellant urges that the trial court abused its discretion in ordering a bond condition that he cannot afford, thereby violating Article 17.151 of the Texas Code of Criminal Procedure.

**<u>Standard of Review and Applicable Law</u>**

We review a trial court's decision regarding bail reduction for an abuse of discretion. *See Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *Ex parte Smith*, 486 S.W.3d 62, 64 (Tex. App.—Texarkana 2016, no pet.). "A trial court abuses its discretion when it applies 'an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion.'" *Ex parte Smith*, 486 S.W.3d at 64-65 (quoting *DuBose v. State*, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d at 85, 90 (Tex. Crim. App. 1997)).

Article 17.151 mandates that a defendant shall be released upon two conditions unrelated to Article 17.15's general rules: (1) the State's unreadiness for trial on the criminal action for which an accused is being held; and (2) that the accused has been detained pending trial for ninety days, if accused of a felony. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West Supp. 2021); *see also Ex parte Gill*, 413 S.W.3d at 430. Without an indictment, the State cannot be ready for trial under Article 17.151. *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983). Under those circumstances, the judge has only two options: release the accused on personal bond or reduce the required bail amount. *Ex parte Gill*, 413 S.W.3d at 429 (citing *Rowe v. State*, 853 S.W.2d 581 (Tex. Crim. App. 1993)). If the court chooses to reduce the amount of bail required, it must reduce it to an amount that the record reflects the accused can make. *Rowe*, 853 S.W.2d at 582 n.1; *see also Kernahan*, 657 S.W.2d at 434 (Article 17.151's requirement that the detainee be released by reducing the amount of bail means that bail must be reduced to an amount the detainee can afford to pay).

Article 17.15, "Rules for Fixing Amount of Bail," articulates general "rules" or principles a judge must consider in setting bail. *Ex parte Gill*, 413 S.W.3d at 428; *see* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West Supp. 2021). The Texas Court of Criminal Appeals has held Article 17.151 operates in conjunction with, not subservient to, Article 17.15's rules, as long as the judge's decision-making process results in the accused's release. *Ex parte Gill,* 413 S.W.3d at

430. The trial court may not deny relief based upon outside factors and deficiencies in the record that are irrelevant to an Article 17.151 evaluation such as the nature of the offense, the accused's criminal record, an evaluation of whether the accused presents a continuing danger to the community, deficiencies of proof regarding what bond premium the accused could afford, or a lack of detail about the accused's sources or amount of income. *See id.* at 431.

A magistrate may require as a condition of release on bond that the defendant submit to electronic monitoring under the supervision of an agency designated by the magistrate. TEX. CODE CRIM. PROC. ANN. arts. 17.43(a); 17.44(a)(1) (West 2021). The cost of electronic monitoring may be assessed as court costs or ordered paid directly by the defendant as a condition of bond. *Id.* arts. 17.43(b), 17.44(e).

## Analysis

Appellant does not dispute the trial court's authority to impose electronic monitoring as a condition of his bond or to charge the costs of monitoring as court costs. He challenges only the trial court's authority to require him to pay the costs of that monitoring as a bond condition. Appellant argues that he has been found indigent for purposes of receiving appointed counsel and that he cannot afford the cost of electronic monitoring. Because the GPS monitor must be affixed before he can be released, he argues the trial court effectively denied his release in violation of Article 17.151.

Appellant testified at the hearing on his application. He testified that prior to his arrest, he received $794 each month in social security disability payments. Appellant further testified that he did not have a bank account and did not own any real estate or property that he could sell. He stated he has no income after being arrested. At the time of his arrest, Appellant was living at the Diboll Housing Authority, a HUD type assistance residence for lower income individuals. His rent was $150 per month plus utilities. However, the apartment manager threw away his belongings after Appellant's arrest. Appellant further testified that he planned to live with his parents in Trinity following his release. He stated that neither he nor his parents can pay $1,525 to install a GPS monitor or the $300 monthly maintenance fee. His parents are elderly and on disability. Appellant testified that he is unable to leave the Angelina County Jail because he cannot afford the GPS monitor.

Article 17.151 is mandatory. *Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021). Appellant was detained in jail on felony charges without indictment for more than ninety

3

days. Because Appellant had not been indicted within ninety days, the trial court's decision making process must result in Appellant's release. *See **Ex parte Gill***, 413 S.W.3d at 430. But because Appellant cannot pay the GPS monitoring fee to be released from jail, the bond condition effectively imposed a bond that Appellant cannot afford, which violates Article 17.151. Under these circumstances, the trial court abused its discretion by failing to comply with Article 17.151. We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we ***reverse*** the trial court's judgment and ***remand*** this case to the trial court for further proceedings consistent with this opinion.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 23, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-21-00205-CR**

**EX PARTE: GERALD WAYNE HODGE,**
Appellant
V.
,
Appellee

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. W-006-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*