

# IN THE
# TENTH COURT OF APPEALS

No. 10-21-00218-CR
No. 10-21-00219-CR

## EX PARTE ADRIAN DWAYNE DENNISON

**From the 443rd District Court**
**Ellis County, Texas**
**Trial Court Nos. 21-101 and 21-102**

## MEMORANDUM OPINION

In one issue, Adrian Dwayne Dennison appeals the trial court's ruling on his pretrial application for writ of habeas corpus. We will reverse and remand.

### Background

Dennison was arrested on April 2, 2021 for possession of less than one gram of a controlled substance and for fraudulent possession of identifying information. Bond was set at $10,000 for the controlled-substance charge and at $40,000 for the fraudulent-possession-of-identifying-information charge. Dennison filed an application for a writ of habeas corpus on July 6, 2021, prior to being indicted, seeking release pursuant to Article 17.151 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151. The trial court held a hearing on Dennison's habeas application on July 27, 2021.

No testimony was introduced by either Dennison or the State.  The exhibits consisted of the "Arrest Without Warrant – Affidavit Submitted for Probable Cause Determination" in each charge, Dennison's booking information sheet, and Dennison's Application for Court Appointed Attorney showing Dennison had no income and no assets.  The trial court reduced the amount of Dennison's bond to $5,000 on the controlled-substance charge and to $20,000 on the fraudulent-possession-of-identifying-information charge.

Dennison asserts that the trial court abused its discretion in failing to release him on a personal bond because the record establishes that he could not post bond in any amount.  Dennison further argues that he was entitled to release under Article 17.151 because the State was not ready for trial within ninety days of his detention.

**Authority and Discussion**

In a habeas proceeding regarding a claim of excessive bail, we generally review a trial court's decision regarding the amount of bail for an abuse of discretion.  *See Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *Ex parte Brossett*, 524 S.W.3d 273, 276 (Tex. App.—Waco 2016, pet. ref'd).  However, when, as here, the resolution of the ultimate issue turns on the application of legal standards, we review the trial court's ruling *de novo*.  *Ex parte Powell*, 570 S.W.3d 417, 419 (Tex. App.—Waco 2019, no pet.).

Article 17.151 provides that "[a] defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within" . . . "90 days from the commencement of his detention if he is accused of a felony. . . ."  TEX. CODE CRIM. PROC. ANN. art. 17.151, §1(1).

On March 13, 2020, the Governor declared a state of disaster in response to the immediate threat of the COVID-19 pandemic. Executive Order GA-13 followed, suspending Article 17.151 "to the extent necessary to prevent any person's automatic release on personal bond because the State is not ready for trial." *See* The Governor of the State of Tex., Exec. Order No. GA-13, March 29, 2020, 45 Tex. Reg. 2368, 2369 (2020). However, GA-13 suspends Article 17.151 "only to the extent that it calls for releasing defendants on personal bond. It does not suspend Article 17.151's release of defendants on bonds they can afford." *Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021). In that sense, the provisions of Article 17.151 are mandatory. *Id.*

> [I]f the State is not ready for trial within 90 days of the beginning of the defendant's detention, the defendant accused of a felony *must* be released on personal bond or by reducing the required bail amount. TEX. CODE CRIM. P. art. 17.151, § 1(1). Without an indictment, the State cannot be ready for trial under Article 17.151. *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983). Under those circumstances, the judge has only two options: either release the accused on personal bond or reduce the required bail amount. *Ex parte Gill*, 413 S.W.3d [at] . . . 429 . . . (citing *Rowe v. State*, 853 S.W.2d 581 (Tex. Crim. App. 1993)). If the court chooses to reduce the amount of bail required, it must reduce it to an amount that the record reflects the accused can make. *Rowe*, 853 S.W.2d at 582 n.1; *see also Kernahan*, 657 S.W.2d at 434 (Article 17.151's requirement that the detainee be released by reducing the amount of bail means that bail must be reduced to an amount the detainee can afford to pay).

*Id.* (emphasis added).

As in *Lanclos*, Dennison presented some evidence that he was financially unable to meet the bonds that had originally been set by the trial court. However, "Article 17.151 does not condition a defendant's release on his proving how much bond he can afford. Rather, it mandates his release—either on personal bond or by reducing the

required bail amount—period." *Id.*, at 928 (citation omitted). Article 17.151 requires more than merely coming up with a lower number—"[i]t mandates release." *Id.*

It is undisputed that the State was not ready for trial at the expiration of the ninety-day period after Dennison's incarceration because Dennison had not yet been indicted. Additionally, the record does not support a finding that Dennison could afford the reduced bond set by the trial court. Dennison was, therefore, entitled to release under Article 17.151 or the setting of a bond that he could afford. *Id.*; *see also Ex parte Sifuentes*, 639 S.W.3d 842, 848-49 (Tex. App.—San Antonio, 2022, pet. ref'd); *Ex parte Cardenas*, 631 S.W.3d 758, 762 (Tex. App.—El Paso 2021, no pet.). We sustain Dennison's sole issue, reverse the trial court's orders setting bond amount and conditions signed on July 27, 2021, and remand the cases for further proceedings consistent with this opinion.

                                        MATT JOHNSON
                                        Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Reversed and remanded
Opinion delivered and filed May 25, 2022
Do not publish
[CR25]

